■ JACKLYNN N. PRICE, Respondent-Appellant, v HAROLD PRICE, Appellant-Respondent.—Appeal by the defendant husband, as limited by his notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Walsh, J.), dated September 15, 1983, as awarded counsel fees of $10,000 to the plaintiff wife on her motion to hold defendant in contempt for failure to comply with an earlier order of the same court (Wood, J.), dated February 26, 1981, which awarded support pendente lite. The plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order and judgment as denied her motion to hold defendant in contempt.

Order and judgment modified, on the law and the facts, by deleting therefrom the last decretal paragraph thereof which awarded counsel fees to plaintiff. As so modified, order and judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for a hearing and determination with respect to plaintiff's application for counsel fees.

The testimony and papers submitted on the application to hold defendant in contempt presumptively established both that the plaintiff wife had no means of enforcing the pendente lite order of support other than by way of the contempt application for his failure to comply therewith, and that defendant was able to make the payments. Therefore, plaintiff was entitled to an award of attorney's fees (Domestic Relations Law § 245; cf. Johanny v Johanny, 41 AD2d 568; see, Price v Price, 115 AD2d 531 [appeal from two orders dated Jan. 16, 1984 and Jan. 26, 1984, respectively]). The court erred, however, in making the award of attorney's fees solely on the basis of affirmations of counsel without first conducting a hearing. Under the circumstances here, the defendant is entitled to a hearing, not only to examine the financial conditions of the parties, which may not have been established at the contempt hearing, but also as a "meaningful way of testing the [attorney's] claims relative to time and value" (Sadofsky v Sadofsky, 78 AD2d 520, 521; Weinberg v Weinberg, 95 AD2d 828, 829). An award of attorney's fees on the basis of affirmations only is improper in the absence of a stipulation regarding same (see, Sadofsky v Sadofsky, supra, at p 521; Entwistle v Entwistle, 92 AD2d 879, 880). Therefore, the

matter must be remitted to the Supreme Court, Rockland County, for a hearing on the issue of the amount of attorney's fees to be awarded. Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.