(April 8, 1986)

■ JACKLYNN N. PRICE, Respondent-Appellant, v HAROLD PRICE, Appellant-Respondent.—Motion by defendant (1) for reargument of (a) his appeal from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Walsh, J.), dated September 15, 1983 as awarded counsel fees of $10,000 to the plaintiff wife on her motion to hold defendant in contempt for failure to comply with an earlier order of the same court (Wood, J.), dated February 26, 1981, which awarded support pendente lite and plaintiff's cross appeal from so much of the same order and judgment as denied her motion to hold defendant in contempt; (b) his appeal from (i) an order of the Supreme Court, Rockland County (Stolarik, J.), dated January 16, 1984, which, *inter alia*, awarded the plaintiff wife counsel fees in the sum of $1,000 and (ii) an order of the same court entered January 26, 1984, which, *inter alia*, adjudged him to be in contempt for failure to comply with an earlier order of the same court (Wood, J.), dated February 26, 1981, which awarded support pendente lite to the plaintiff; and (c) his appeal from stated portions of a judgment of divorce of the Supreme Court, Rockland County (Stolarik, J.), dated April 19, 1984, which, *inter alia*, directed him to pay the carrying charges on the marital premises until it was sold, set child support in the amount of $600 per week and awarded counsel fees and plaintiff's cross appeal from so much of the same judgment as determined that defendant's wholly owned businesses were not marital property subject to distribution and also determined that she was not entitled to a percentage of the appreciated value of such businesses and failed to

require defendant to maintain life insurance on his life for the benefit of the children of the parties; and/or (2) for leave to appeal to the Court of Appeals pursuant to CPLR 5602 (b) from the order of this court dated December 9, 1985 on defendant's appeal and plaintiff's cross appeal from stated portions of the judgment of divorce dated April 19, 1984.

Plaintiff cross-moves for reargument of (A) defendant's appeal and her cross appeal from stated portions of the order and judgment dated September 15, 1983; and (B) defendant's appeal and her cross appeal from stated portions of the judgment of divorce dated April 19, 1984.

Defendant's motion and plaintiff's cross motion insofar as they are for reargument denied.

Upon the court's own motion, the decision of this court dated December 9, 1985 [115 AD2d 530] on defendant's appeal and plaintiff's cross appeal from the order and judgment dated September 15, 1983 is amended by deleting the decretal paragraph from said decision and the following provision is substituted therefor: "Order and judgment reversed on the law and the facts with costs, plaintiff's motion to hold defendant in contempt granted and matter remitted to the Supreme Court, Rockland County, for a hearing and determination with respect to plaintiff's application for counsel fees." The order dated December 9, 1985 entered on said decision amended accordingly.

Defendant's motion insofar as it is for leave to appeal to the Court of Appeals granted. In this court's opinion, questions of law have arisen, which ought to be reviewed by the Court of Appeals. The following question with respect to this court's order dated December 9, 1985 is certified: "Whether a nontitled spouse's 'contributions or efforts' (Domestic Relations Law § 236 [B] [1] [d] [3]), as homemaker and parent are entitled to recognition by the court in awarding said spouse a share of the appreciated value of the titled spouses separate property, which occurred during the parties' marriage." Mollen, P. J., Lazer, Mangano and Weinstein, JJ., concur.