■ ANNE E. WIRTH, Appellant, v RICHARD C. WIRTH, Respondent.—In an action *inter alia,* to modify a separation agreement, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Kelly, J.), dated July 9, 1985, which, *inter alia,* denied those branches of her motion which sought (1) an upward modification of child support, (2) leave to enter a money judgment against the defendant husband in the amount of $512 covering summer camp expenses allegedly due under the parties' separation agreement, and (3) vacatur of a prior order entered upon the plaintiff's default.

Ordered that the order is modified, by deleting the provisions thereof which denied those branches of the plaintiff's motion which were for (1) an upward modification of child support, and (2) leave to enter a money judgment covering summer camp expenses allegedly due and owing under the parties' separation agreement, and substituting therefor a provision directing a hearing with respect to those branches of the plaintiff's motion. As so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The parties herein entered into a separation agreement. By stipulation dated May 10, 1978, the parties modified the separation agreement to provide that commencing in December 1982 the defendant's $50 per week child support obligation would be increased to $70 per week, although the stipulation further provided that in the event of the plaintiff's remarriage during the minority of the parties' child Rachel, child support would be decreased to $65 per week. The separation agreement, as modified by the stipulation, survived but was not merged into the judgment of divorce dated July 6, 1978. The plaintiff subsequently remarried in August 1984. The 1978 stipulation additionally provided that, commencing each summer with the year 1983, the parties were to select a summer camp for Rachel and share the expenses equally. Under this provision, neither party was to unreasonably withhold consent to a camp selection made by the other party.

In May 1985 the plaintiff moved, *inter alia,* for an upward modification of the defendant's child support obligation, which the court denied without a hearing. We conclude that Special Term erred in denying that branch of the plaintiff's motion which was for an increase in child support without conducting an evidentiary hearing since the plaintiff made the requisite showing of a possible change of circumstances warranting the

modification in the best interests of the child (see, Howard v Howard, 120 AD2d 567, 568; Kleinberg v Gershman, 116 AD2d 555; see also, Matter of Brescia v Fitts, 56 NY2d 132). We find that the record is incomplete with respect to the dispute involving Rachel's 1985 summer camp expenses. Although the plaintiff contends that she is entitled to a money judgment in the amount of $512, representing one half of the camp costs, the record is unclear as to whether the defendant made any payments toward those camp costs. Included in the record is a $400 check from the defendant. However, the check is made payable to a day camp which Rachel apparently never attended. Therefore, at the hearing, the question of whether the defendant made the requisite contribution to Rachel's 1985 camp expenses shall be considered.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.