■ BARBARA S. HUNTINGTON, Respondent-Appellant, v CHARLES G. HUNTINGTON, Appellant-Respondent.—In an action to enforce a separation agreement, the defendant husband appeals (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered March 18, 1987, which, *inter alia,* upon the plaintiff wife's motion for partial summary judgment, awarded her additional alimony for 1985 in the principal amount of $27,475.07 and awarded her counsel fees in the amount of $15,000, and (2) from so much of an order of the same court, entered May 19, 1987, as amended May 22, 1987, as, upon reargument, adhered to its original determination and granted the plaintiff leave to renew that branch of her cross motion which was for an award of counsel fees to defend an appeal, and the plaintiff cross-appeals from stated portions of the order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as the portions thereof appealed from were superseded by the order made upon reargument; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to the original determination with respect to the award to the plaintiff of $27,475.07, and substituting therefor a provision reducing that award to $14,122.50; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the amount of counsel fees to be awarded to the plaintiff, for a determination of the interest increment of the defendant's 1985 IRA distribution so that the plaintiff can be apportioned her one-quarter share of that interest, and for entry of an appropriate amended judgment.

The parties entered into a separation agreement in 1965. They were divorced in 1966. By the terms of the agreement, the defendant is required to pay the plaintiff alimony representing one fourth of his "gross income". The agreement defines "gross income" as "any and all income of the Husband from whatever source derived and without any deductions whatever, computed on a cash basis of accounting, but capital gains shall not be included. In the case of any income from business, 'gross income' shall mean gross receipts of the business excluding capital gains, less proper deductions directly attributable to such receipts, computed on a cash basis of accounting, as determined under sound accounting practices".

The Supreme Court erred in awarding the plaintiff one fourth of the total amount of Social Security benefits received by the defendant and his current wife since those benefits allocated to the defendant's current wife are not part of the defendant's income. The plaintiff is therefore entitled to only $3,339.75, or one fourth of the $13,359 in Social Security benefits belonging to the defendant, and not to his current wife.

In addition, we find that the plaintiff should not have been awarded one quarter of the entire $63,841 distribution the defendant received upon dissolution of his professional corporation. The plaintiff is entitled to one quarter of $14,665, the

amount of cash available to the corporation at the time of dissolution, and one quarter of $427, the amount of the security deposit, as these assets are properly characterized as gross income of the defendant. She is also entitled to one quarter of $28,039, that portion of the distribution representing forgiveness of an officer's loan to the defendant since discharge of indebtedness is treated as income received (Internal Revenue Code [26 USC] § 61 [a] [12]). However, the remaining portion of the distribution constitutes capital gain to the defendant and as such is excluded from gross income under the express terms of the separation agreement.

The plaintiff is not entitled to one quarter of the entire $7,538 distribution defendant received from his individual retirement account since she has already received one quarter of contributions made to the pension and profit sharing plan for the years 1971 through 1977, which funds were ultimately rolled over into that account. However, the plaintiff is entitled to one quarter of that portion of the $7,538 which represents interest, as this constitutes additional income to the defendant not previously apportioned. Since the interest increment cannot be determined from the record, the matter is remitted to the Supreme Court for a determination of the portion of the $7,538 distribution which represents interest so that the plaintiff can be awarded her one-fourth share of that income.

We also find that the Supreme Court erred in awarding the plaintiff one fourth of the defendant's rental receipts and one fourth of the loss he sustained on the rental. Because the rental property in question constituted a business (Internal Revenue Code [26 USC] §§ 162, 212), the deduction of the expenses relating to generating the rental income was permitted under the separation agreement. The $891 awarded to the plaintiff as her portion of the defendant's $3,474 deduction for a rental loss as claimed in his tax return, appears to be an erroneous computation. In any event, this award was improper since the separation agreement does not provide that the plaintiff is entitled to one quarter of the defendant's losses or tax benefits.

Finally, while the plaintiff was entitled to an award of counsel fees (Domestic Relations Law § 237 [c]), we find that the making of the award on the basis of affirmations alone was improper and, in the absence of a waiver, a hearing is required (see, Price v Price, 115 AD2d 530).

We have examined the remaining contentions of the parties and find them to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.