■ COJAL, INC., Appellant, v LESTER H. DAVIS et al., Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered December 4, 1987, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Initially, we note that since the plaintiff failed to raise any issue in the Supreme Court, Suffolk County, with respect to the procedural propriety of the defendants' motion to dismiss the complaint *(see,* CPLR 3211 [a] [1]) before the Supreme Court, the issues raised with respect thereto on appeal may not serve as a basis for reversal *(see, Lang v Cohalan,* 127 AD2d 17, 21; *Nelson v Times Sq. Stores Corp.,* 110 AD2d 691, *appeal dismissed* 67 NY2d 645).

Furthermore, the documentary evidence submitted by the defendants unambiguously established that the plaintiff purchaser canceled the contract upon learning that the defendants sellers allegedly breached a warranty, and the cancellation was accepted by the defendants *(see, Farahzad v Monometrics Corp.,* 119 AD2d 721; *Cooper v Bosse,* 85 AD2d 616). Thus, the plaintiff could not, more than three months after the cancellation and the closing date set forth in the contract, insist that the contract be fulfilled *(see, Gravenhorst v Zimmerman,* 236 NY 22; *Cooper v Bosse, supra).* The plaintiff's contention that the rescission was ineffective because it was based upon mutual mistake is similarly unavailing. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.