■ JOSEPH LABITA, Appellant, v CAROLANN LABITA, Respondent.—In an action for divorce and ancillary relief in which the parties were divorced by a judgment dated August 28, 1978, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Composto, J.), dated August 19, 1987, as granted those branches of the defendant's motion which were, for leave to enter a judgment for arrears in alimony in the amount of $5,150, and an upward modification of child support, and denied his cross motion for physical custody of the parties' child.

Ordered that the order is modified by deleting the fifth decretal paragraph thereof granting that branch of the defendant's motion which was for upward modification of child support, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff contends, *inter alia,* that the defendant was not entitled to receive child support on the grounds that she had failed to submit to a psychiatric evaluation before she took physical custody of the parties' minor child. The plaintiff's contention is without merit. As provided in the judgment of divorce, the only condition precedent to the granting of child support was the transfer of physical custody of the child to the defendant. It is undisputed that the transfer of custody did occur. Furthermore, the fact that the transfer resulted

from the plaintiff's consent does not, in any way, relieve him of his support obligation. We find no merit to the plaintiff's further contention that physical custody of the parties' child should revert to him.

In addition, the plaintiff's assertion of the defense of laches against the defendant's claim for alimony arrears is unavailing since he has failed to establish that he was in any way prejudiced by the defendant's delay in seeking such relief.

However, the Supreme Court did err in granting that branch of the defendant's motion which was for an upward modification of child support payments. A generalized claim that a child's needs have increased as the child has matured or as a result of inflation does not warrant an upward modification of child support (see, Deacutis v Cuomo, 79 AD2d 595). The defendant's claim of increased need is based entirely on the impact that inflation has had on the economy in general since support payments were first fixed and not at all on the specific needs of the child.

We have considered the plaintiff's other contentions and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.