■ In the Matter of JOAN MARIE D., Respondent, v HAROLD G., Appellant.—In a proceeding pursuant to Family Court Act article 5, *inter alia,* to establish paternity, the appeal is from a nondispositional order of the Family Court, Dutchess County (Bernhard, J.), dated May 12, 1988, which directed payment of counsel and expert fees to the petitioner.

Ordered that on the court's own motion, the notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Thompson, and leave to appeal is granted by Justice Thompson (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a hearing and determination with respect to the petitioner's application for counsel and expert fees.

Initially, we note that the appellant failed to raise any issue before the Family Court with respect to the petitioner's failure to submit written objections to the support order of the Hearing Examiner within 30 days of entry thereof in compliance with the requirements of Family Court Act § 439 (e). Therefore, the issue raised on appeal with respect thereto may not serve as a basis for reversal *(see, Cojal, Inc. v Davis,* 143 AD2d 799; *Lang v Cohalan,* 127 AD2d 17, 21). In any event, we find that the Family Court properly considered the petitioner's application for an award of counsel and experts fees. Although a similar request was presented before the Hearing Examiner no fact findings or conclusions of law were made with respect thereto. Moreover, there is nothing in the record to suggest that the application was considered at the hearing before the Hearing Examiner *(see generally, Matter of Carella v Collins,* 144 AD2d 78, 81). Counsel fees for purposes of this proceeding may be awarded pursuant to Family Court Act § 438, as incident to obtaining support, or pursuant to Family Court Act § 536, as incident to a paternity proceeding.

We find the Family Court erred in relying on the affirma-

tions of counsel alone in awarding counsel and expert fees. Although proof as to the financial conditions of the parties was submitted at the hearing before the Hearing Examiner and served as a basis for the Hearing Examiner's order of support, no proof as to the value and nature of the services performed by the attorney and experts appears to have been elicited upon the return date of the application for counsel and experts fees. Given the objections raised by the appellant, the affirmations of counsel alone will not suffice in the absence of a stipulation regarding the amount due *(see, e.g., Petritis v Petritis,* 131 AD2d 651, 654). Rather, the reasonable amount and nature of the claimed services must be established at an adversarial hearing *(see, e.g., Kumble v Windsor Plaza Co.,* 128 AD2d 425, 426; *Price v Price,* 115 AD2d 530; *Weinberg v Weinberg,* 95 AD2d 828). Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.