■ In the Matter of MARY L. ROGERS, Individually and on Behalf of Her Children, CATHERINE and Another, Respondent, v RICHARD ROGERS, Appellant.—In a proceeding pursuant to Family Court Act § 842 for an order of protection, the husband appeals from (1) a dispositional order of the Family Court, Westchester County (Barone, J.), dated June 14, 1988, which granted the wife's application for an order of protection prohibiting him, *inter alia,* from entering the premises occupied by the wife, (2) an order of protection of the same court, dated June 23, 1988, and (3) an order of the same court, entered July 26, 1988, which awarded the wife counsel fees pursuant to Family Court Act § 842 (f).

Ordered that the dispositional order entered June 14, 1988, and the order of protection dated June 23, 1988, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated July 26, 1988, is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing to determine the reasonable value of the services rendered by the petitioner's counsel in connection with obtaining the permanent order of protection issued on June 23, 1988.

We note that the orders dated June 14, 1988, and June 23, 1988, have expired. However, on appeal, the appellant contends, in relevant part, that his wife's application for an order of protection was inappropriate, and therefore she was not entitled to an award of counsel fees pursuant to Family Court Act § 842 (f). We disagree. While the wife did not claim that the appellant committed acts of physical violence against her, the record supports the Family Court's conclusion that the appellant, "with intent to harass, annoy, or alarm" his wife, engaged in a course of conduct which alarmed and seriously annoyed her, and which served no legitimate purpose (Family Ct Act § 812; *see,* Penal Law § 240.25 [5]). Therefore, the Family Court properly found that the appellant had committed the family offense of harassment, warranting the issuance of an order of protection against him and an award of counsel fees pursuant to Family Court Act § 842 (f). However, the Family Court erred in relying on the affirmations of counsel alone in determining the amount of counsel fees *(see, Matter of Joan Marie D. v Harold G.,* 155 AD2d 457; *Petritis v Petritis,* 131 AD2d 651; *Price v Price,* 115 AD2d 530). Rather, the reasonable amount and nature of the claimed services must be established at an adversarial hearing *(see, Matter of Joan Marie D. v Harold G., supra; Price v Price, supra; Weinberg v Weinberg,* 95 AD2d 828).

We have examined the appellant's remaining contentions, and find that they are without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.