■ CAROL RISELEY, Appellant, v MARK RISELEY, Respondent. —Yesawich, Jr., J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 4, 1990 in Ulster County, which, *inter alia,* denied plaintiff's cross motion for child support arrears and counsel fees.

Defendant seeks to modify certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into the parties' 1988 divorce judgment. The judgment directed defendant to pay plaintiff child support in the amount of "$250 per week to be equally allocated between the two children". Defendant's obligation to pay child support for each child was to terminate upon the happening of certain specified events, none of which have occurred.

On September 17, 1989, the parties' oldest child, Nicole, who is now 19 years of age, left plaintiff's residence and took up residence with defendant. Two days later, defendant notified plaintiff that thenceforth his child support payments would be reduced by half. On March 1, 1990, defendant moved to modify the judgment accordingly. Supreme Court granted defendant custody of Nicole with plaintiff's consent, altered the support obligation to $125 per week, and denied plaintiff's cross motion for child support arrears and counsel fees. Plaintiff has appealed.

As defendant's petition seeks to readjust the parties' child support obligation, he must demonstrate that "an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need" *(Matter of Brescia v Fitts,* 56 NY2d 132, 138; *accord, Matter of Boden v Boden,* 42 NY2d 210, 213; *see generally,* 3 Foster, Freed and Brandes, Law and the Family New York § 20:2, at 758-759 [2d ed]). The

question raised here is whether the daughter's relocation to defendant's residence, an event not contemplated by the parties, represents such an unanticipated change in circumstances. Unlike *Loew v Loew* (82 AD2d 973, *affd* 55 NY2d 697), where the parties' agreement specifically provided that the noncustodial parent's child support obligation would terminate upon the change of the child's residence, here the agreement was tellingly silent on this issue. In view of this factual distinction, Supreme Court cannot be faulted for terminating defendant's child support obligation as to Nicole after her unanticipated change of residence *(see, Yeackel v Lindstead,* 67 AD2d 755). Because the court modified the order establishing defendant's child support obligation, however, it should have applied the Child Support Standards Act (Domestic Relations Law § 240 [1-b] *[l]*) to determine defendant's new obligation.

Supreme Court erred in denying plaintiff's cross motion. Plaintiff is entitled to collect child support arrears from the date defendant unilaterally reduced his payment until the time he made an application to have the judgment amended (Domestic Relations Law § 240 [1]; § 244). And as plaintiff's right to counsel fees is mandatory in this case because defendant willfully failed to obey an order of child support *(see,* Domestic Relations Law § 237 [c]), a hearing should be held for the purpose of determining a reasonable amount to be awarded to plaintiff for these fees *(see, Simons v Simons,* 139 AD2d 959, 961).

Order modified, on the law, without costs, by reversing so much thereof as reduced defendant's child support to $125 and denied plaintiff's cross motion for counsel fees and arrears; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified affirmed. Weiss, Yesawich, Jr. and Harvey, JJ., concur.

Mahoney, P. J., and Casey, J., dissent in a memorandum by Casey, J. Casey, J. (dissenting). Because the child support provided for in the parties' stipulation of settlement and divorce decree is "to be equally allocated between the two children", it would be illogical to construe the provision as requiring the continued payment of a child's allocated share of child support to a parent who no longer has custody of the child. Rather, it is our view that the allocated child support provision should be construed as requiring that each child's share of child support be paid to that child's custodial parent. Once sole custody of Nicole was granted to defendant, the support provision, in effect, required that he pay Nicole's

allocated share of child support to himself, as Nicole's custodial parent, thereby reducing his payment to plaintiff to the amount of child support allocated to Nicole's sister, whose custody remained with plaintiff. Supreme Court, therefore, was not required to modify the existing child support provision, which should be construed as permitting the reduction in defendant's payment to plaintiff, and there is no need to remit the matter to Supreme Court to make a determination of new child support.

As to the issue of arrears, no modification of the child support provision was necessary to allow the reduction in defendant's payment to plaintiff to the amount of child support allocated to Nicole's sister because, as explained above, the specific provision requiring equal allocation of child support between the two children authorized such a reduction upon the change of Nicole's custody from plaintiff to defendant. The arrears provisions of Domestic Relations Law § 240 (1) and § 244 are, therefore, inapplicable. Nicole's change in residence from plaintiff's home to defendant's home was clearly in contemplation of a change in custody. Defendant contends that he delayed for several months in seeking a change in custody to be sure that such a change was what Nicole wanted, and plaintiff consented to the change in custody. In these circumstances, defendant should not be liable to plaintiff for the share of child support to be allocated to Nicole during the period after Nicole moved in with defendant but before he sought a change of custody.

Because the support provision of the stipulation of settlement and judgment of divorce should be construed as permitting the reduction in the amount payable to plaintiff following the change of Nicole's custody, defendant has not failed to obey any lawful order compelling payment of support. Plaintiff is not, therefore, entitled to mandatory counsel fees (see, Domestic Relations Law § 237 [c]). In any event, the mandatory counsel fees provision is applicable only in the event of a willful failure to obey (Domestic Relations Law § 237 [c]), and there has been no finding of willfulness in this case.

Supreme Court's order should therefore be modified by deleting so much thereof as modified the child support provision of the judgment of divorce.