■ In the Matter of JOHN C. McMULLEN, Appellant, v ELAINE B. M. AMBROSIANI, Respondent.—Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 4, 1992, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify his child support payments.

The parties were married on November 10, 1967 and had four children; David, born March 3, 1967, Jennifer, born January 9, 1975, Ryan, born November 16, 1977, and Amanda, born October 31, 1979. They were divorced May 11, 1987 and their separation agreement, signed October 17, 1986, was incorporated but not merged into the divorce decree.

According to the terms of the separation agreement, the parties were to have joint custody of the children but the children were to reside primarily with respondent. Petitioner was granted visitation rights with the children on every other weekend, from 6:00 P.M. Friday to 6:00 P.M. Sunday. He also had the right to have the children reside with him for a two-week period in the months of June, July and August, upon 30 days' written notice to respondent. The agreement also provided that further visitation and residence periods could be arranged upon the parties' mutual consent.

Petitioner further agreed that he would pay the weekly amount of $300 in child support, with a proportionate increase based upon the proportionate increase in his salary "until each of the children shall reach the age of twenty-one (21)", regardless of respondent's income. There were no provisions for the reduction of petitioner's support payments. Petitioner could take the three older children as deductions on his income tax return and respondent could claim the youngest child as a deduction on her tax return.

In July 1989 David began residing with petitioner, which continued until he resumed residence with respondent in October 1990. Beginning in October 1989, petitioner unilaterally reduced the amount of his child support from $331 per week (increased from $300 because of his wage increases) to $280 per week. Petitioner advised respondent that he would continue to lower his payments until they were down to $250 per week. Respondent then commenced various proceedings in Family Court to enforce the original terms of the agreement. Family Court upheld a Hearing Examiner's determination that petitioner was obligated to pay the specified amounts and that respondent was entitled to recover the arrears. Petitioner filed an appeal from the order but never perfected it.

Subsequently, petitioner commenced the instant proceeding in Family Court seeking a downward modification of his child support payments to $275 per week, "with credits" for the period David resided with him. The relief was denied and petitioner was ordered to pay $4,699.45 as arrearages by Family Court. This appeal followed.

The order of Family Court dismissing the petition should be affirmed. The terms of a separation agreement are binding on the parties to the agreement *(Matter of Boden v Boden,* 42 NY2d 210, 212). Before a separation agreement may be modified, it must be shown to the court's satisfaction that there has been "an unanticipated and unreasonable change in circumstances * * * resulting in a concomitant need" *(Matter of Brescia v Fitts,* 56 NY2d 132, 138) or that "the agreement was not fair and equitable when entered into" *(supra,* at 138; *see generally, Merl v Merl,* 67 NY2d 359).

We reject petitioner's argument that David's residence with him for about 14 months during 1989 and 1990 was "an unanticipated change in circumstances" not provided for in the separation agreement, warranting petitioner's termination of support payments for David during that time based on *Riseley v Riseley* (173 AD2d 1103). Petitioner's reliance on *Riseley* in support of his position is misplaced. The separation agreement in *Riseley* specified that the support payments were to be " 'equally allocated between the two children' " *(supra).* The instant agreement provided for the payment of a lump sum for all of the parties' children "until each of [them] shall reach the age of twenty-one (21)". Thus, it cannot be said that petitioner's support obligation would be lessened by the temporary change in residence of David with petitioner when it was agreed that David's reaching age 21 would not reduce the

support due. Further, in *Riseley* the separation agreement did not contain language anticipating the relocation of the children to the father's residence, as did the instant agreement. Thus, David's change of residence was not "an unanticipated and unreasonable change in circumstances" warranting modification of the agreement *(Matter of Boden v Boden,* 42 NY2d 210, 213, *supra).*

Considering the length of the marriage and respondent's waiver of any claim to maintenance payments or to petitioner's pension benefits, it cannot be said that the provision for support was not "fair and equitable" when made *(see, supra,* at 213).

Respondent correctly argues that Family Court Act § 451 precludes an award to petitioner for the alleged overpayments occurring when David was residing with him in 1989 and 1990.

Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.