■ JOAN M. OLIVO, Appellant, v EDUBIJES OLIVO, SR., Respondent. (Appeal No. 1.) [600 NYS2d 648] —Order unanimously affirmed without costs. Memorandum: The court properly determined that the enhanced portion of the retirement benefits payable to defendant under Kodak's Resource Redeployment and Retirement Plan is separate property of defendant *(see, Tanchick v Tanchick,* 190 AD2d 1076; *Biddlecom v Biddlecom,* 113 AD2d 66). Neither the parties' separation agreement nor the stipulated Qualified Domestic Relations Order provide that the enhanced benefits would be subject to equitable distribution *(see, Biddlecom v Biddlecom, supra,* at 67). (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Equitable Distribution.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ JOAN M. OLIVO, Appellant, v EDUBIJES OLIVO, SR., Respondent. (Appeal No. 2.) [600 NYS2d 648] —Order unanimously affirmed without costs. Same Memorandum as in *Olivo v Olivo* (193 AD2d 1067 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Equitable Distribution.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ In the Matter of NANCY A. LeMOYNE, Respondent, v HOWARD STORY, Appellant. (Appeal No. 1.) [600 NYS2d 649] — Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent contends that it was error for Family Court to grant petitioner's request for an upward modification of the child support provided in the parties' separation agreement. We agree. Petitioner's proof failed to establish either an unanticipated and unreasonable change of circumstances *(see, Boden v Boden,* 42 NY2d 210, 213), or that the child's needs were not being adequately met *(see, Brescia v Fitts,* 56 NY2d 132, 140; *Labita v Labita,* 147 AD2d 535, 536). Because there was no voluntary agreement or special circumstances, it was also error for Family Court to direct respondent to contribute towards the child's private school tuition *(see, Matter of Mineo v Mineo,* 191 AD2d 1002; *see also, Matter of Howard v Howard,* 186 AD2d 132). (Appeal from Order of Monroe County Family Court, Bonadio, J.— Child Support.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ In the Matter of NANCY A. LeMOYNE, Respondent, v

HOWARD STORY, Appellant. (Appeal No. 2.) [600 NYS2d 649] — Appeal unanimously dismissed without costs *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Reargument.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.

■ STELLA MURPHY, Appellant-Respondent, v WILLIAM J. MURPHY, Respondent-Appellant. [599 NYS2d 198] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in 1945. In October 1990, plaintiff wife commenced this action for divorce alleging defendant husband's cruel and inhuman treatment. A trial of the economic issues was held in October 1991, following which Supreme Court awarded plaintiff the marital residence, which had a stipulated value of $72,000, and the household furnishings, valued at about $15,000. Supreme Court awarded plaintiff $90,000 worth of stock and ordered defendant to maintain health insurance for plaintiff. Defendant received the remainder of the parties' assets. Plaintiff appeals, asserting that Supreme Court did not equitably distribute the marital property, failed to address certain items of marital property, failed to fix a proper valuation date for the marital property, failed to award her maintenance, and failed to set forth the statutory factors it considered in making its determination. Defendant cross-appeals, arguing that Supreme Court erred by requiring him to provide health insurance for plaintiff.

Defendant, who worked in a mill for 30 years, receives a monthly pension benefit of $319 and health insurance coverage from his former employer. He also receives about $900 per month in Social Security benefits. Plaintiff receives about $350 per month in Social Security benefits. In addition to the marital residence and furnishings, the marital estate included investments made by defendant during the marriage. The value of the investments was the central issue at the trial. Plaintiff valued defendant's portfolio at the time of the commencement of the action at over $400,000 and asked that the court value the investments for equitable distribution purposes as of the time of trial. Defendant's testimony concerning the investments was not precise, and valuation of the investments was further complicated by defendant's sale of certain