■ In the Matter of DOLORES TRIPI, Respondent, v ANTHONY FAIELLO, Appellant. [600 NYS2d 876] —Order unanimously reversed on the law without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in granting petitioner's request for an upward modification of child support. Petitioner's proof failed to establish either an unanticipated and unreasonable change of circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210, 213), or that the child's needs were not being adequately met *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 140; *Matter of LeMoyne v Story,* 193 AD2d 1067; *Labita v Labita,* 147 AD2d 535). An increase in child support is not warranted simply because respondent is now making more money or because petitioner has moved into a more expensive home *(see, Matter of Rogers v Bittner,* 181 AD2d 990; *Matter of Popp v Raitano,* 167 AD2d 404). Petitioner failed to provide any proof regarding the increased needs of the child; her generalized claims that the child's needs have increased as the child has matured do not warrant an upward modification of support *(see, Labita v Labita, supra).*

Family Court's award of counsel fees also was improper. Where, as here, a party opposes an award of counsel fees, "the affirmations of counsel alone will not suffice" to support such award *(Matter of Joan Marie D. v Harold G.,* 155 AD2d 457,

458). "Rather, the reasonable amount and nature of the claimed services must be established at an adversarial hearing" *(Matter of Joan Marie D. v Harold G., supra,* at 458; *see also, Price v Price,* 115 AD2d 530; *Weinberg v Weinberg,* 95 AD2d 828). We therefore remit the matter for a hearing on the issue of counsel fees. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Child Support.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.