■ In the Matter of CHERRY HARGROVE, Respondent, v LAMONT HARGROVE, Appellant. [601 NYS2d 157] —In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support established in the parties' judgment of divorce, the father appeals from an order of the Family Court, Kings County (Lubow, J.), dated May 1, 1991, which denied his objections to an order of the same court (Rood, H.E.), dated March 1, 1991, which, after a hearing, increased his weekly child support obligation from the sum of $90 to the sum of $264 per week for his two sons retroactive to May 8, 1990, and directed him to pay an additional $15 per week to satisfy arrears.

Ordered that the order is reversed, on the law, with costs, the appellant's objections to the order of the Hearing Examiner are sustained, and the proceeding for upward modification of child support is dismissed.

We find that the petitioner mother failed to demonstrate an unanticipated and unreasonable change in circumstances or that the agreement entered into by the parties was unfair when entered into (see, Matter of Boden v Boden, 42 NY2d 210), or that her income and the amount of the original child support agreed to were insufficient to meet the children's present needs (see, Matter of Brescia v Fitts, 56 NY2d 132). The petitioner's income had risen from approximately $14,500 at the time the 1987 judgment of divorce was entered to approximately $27,500 at the time of the hearing in 1991. Moreover, the increased expenses claimed were attributable either to the petitioner's own schooling and other personal expenses or to the normal growth of the children (see, Brevetti v Brevetti, 182 AD2d 606; Matter of Bernstein v Goldman, 180 AD2d 735; May May Cheng v McManus, 178 AD2d 906). Accordingly, we reverse the order of the Family Court and dismiss the petition. Thompson, J. P., Balletta, Ritter and Pizzuto, JJ., concur.