■ In the Matter of ROBERT HULIK, Respondent, v DEBORAH HULIK, Appellant. [607 NYS2d 801] —Order unanimously affirmed without costs. Memorandum: We reject the contention that Family Court erred in denying respondent's cross petition for an upward modification of petitioner's child support obligation. A court may modify a child support agreement that is incorporated but not merged in a divorce decree "upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (Merl v Merl, 67 NY2d 359, 362). Here, the parties stipulated to the amount and terms of petitioner's child sup-

port obligation after extensive questioning by Family Court concerning the parties' understanding of the terms and consequences of the stipulation. There is no showing that petitioner's child support obligation was unfair or inequitable when the stipulation was entered into.

Likewise without merit is respondent's contention that the parties' change in circumstances warranted an upward modification of petitioner's child support obligation. Absent a showing that the children's needs are not being met, the support provisions of a separation agreement or stipulation should not be disturbed unless there is proof of an unanticipated and unreasonable change in circumstances (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Boden v Boden, 42 NY2d 210; Pfeiffer v Cinelli, 174 AD2d 1001; Rubin v Rubin, 119 AD2d 152, affd 69 NY2d 702; Matter of Ives v Ives, 105 AD2d 527, lv denied 64 NY2d 610). To establish that a child's needs are not being met, a party must show "specific increases in the costs related to the child's basic necessities of food, shelter, clothing, and medical and dental needs, as well as to the expenses associated with the child's varied interests and school activities" (Matter of Miller v Davis, 176 AD2d 945). Respondent failed to provide any specifics regarding the increases in the cost of the basic necessities for the children, or to show that the children are not being provided with adequate food, clothing, shelter, and medical and dental care.

Respondent further failed to meet her burden of proving an unanticipated and unreasonable change in circumstances. Although petitioner no longer pays support for a third child, respondent failed to show the amount of support petitioner had paid for that child, or that petitioner's income had otherwise increased. In the absence of proof supporting an upward modification of petitioner's child support obligation, Family Court properly dismissed respondent's cross petition.

Finally, because the stipulation was entered into before the effective date of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), we reject respondent's contention that Family Court should have considered the statutory guidelines in determining petitioner's child support obligation (see, Beason v Sloane, 174 AD2d 1016, lv dismissed 78 NY2d 1007). (Appeal from Order of Cayuga County Family Court, Contiguglia, J.—Child Support.) Present—Callahan, J. P., Green, Balio, Lawton and Boehm, JJ.