■ JEFFREY C. McARTHUR, Appellant, v NANCY BELL, Formerly Known as NANCY McARTHUR Respondent. (Appeal No. 1.) [609 NYS2d 888] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Suffolk County, Friedenberg, J.—Child Support.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.

■ JEFFREY C. McARTHUR, Appellant, v NANCY BELL, Formerly Known as NANCY McARTHUR, Respondent. (Appeal No. 2.) [609 NYS2d 713] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff contends that defendant

failed to sustain her burden of proving a change of circumstances warranting an increase in child support in the best interests of the children *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Contino v Ryan,* 193 AD2d 1057; *Wirth v Wirth,* 126 AD2d 636). We agree. The party seeking upward modification of child support must introduce evidence tending to show "that the combination of her own income and the payments contributed by respondent does not adequately meet the children's needs" *(Matter of Brescia v Fitts, supra,* at 140). Generalized claims that the children's needs have increased as the children grow older or because of inflation do not warrant an upward modification of support *(see, Matter of Webb v Webb,* 197 AD2d 847; *Tripi v Faiello,* 195 AD2d 958, *lv dismissed* 82 NY2d 803; *Matter of Miller v Davis,* 176 AD2d 945). The party seeking upward modification must provide specific dollar amounts of the increase in the cost "related to the child[ren's] basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the child[ren's] varied interests and school activities" *(Matter of Miller v Davis, supra,* at 945). Defendant failed to sustain her burden. She testified that the only need of the children that was not being met was the younger child's enrollment in a gifted and talented program. There was no evidence that the other expenses of the children, all of which are attributable to the "normal growth of the children" *(Matter of Hargrove v Hargrove,* 196 AD2d 541), were not being met.

We remit the matter for an adversarial hearing on the issue of attorney's fees. "An award of counsel fees must take into consideration a party's ability to pay, the nature and extent of those services which are required to deal with the marital dispute and the reasonableness of counsel's performance under the circumstances" *(McCann v Guterl,* 100 AD2d 577). Where a party opposes an award of counsel fees, "the affirmations of counsel alone will not suffice" to support such an award *(Matter of Joan Marie D. v Harold G.,* 155 AD2d 457, 458). Rather, the reasonable amount and nature of the services must be established at an adversarial hearing *(Matter of Joan Marie D. v Harold G., supra).* Our determination that defendant failed to sustain her burden of proof with respect to the upward modification of support is not dispositive on the issue of attorney's fees *(see, Matter of Tripi v Faiello, supra).*

Because we conclude that defendant failed to sustain her

burden of proof on the issue of modification, we do not address plaintiff's contention that the hearing court was biased. (Appeal from Order of Supreme Court, Suffolk County, Friedenberg, J.—Child Support.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.