■ PATRICIA TUCHRELLO, Appellant, v MICHAEL TUCHRELLO, Respondent. [613 NYS2d 86] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting defendant's application to modify the child support provisions of the parties' stipulation that was incorporated into but not merged with the judgment of divorce. Defendant sought an order directing plaintiff to pay child support. Defendant's proof failed to establish either that an unanticipated and unreasonable change of circumstances occurred resulting in a concomitant need *(see, Matter of Boden v Boden,* 42 NY2d 210, 213), or that the children's needs were not being adequately met *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 140; *Matter of Hulik v Hulik,* 201 AD2d 909; *Matter of Tripi v Faiello,* 195 AD2d 958, *lv dismissed* 82 NY2d 803; *Matter of LeMoyne v Story* [appeal No. 1], 193 AD2d 1067; *Labita v Labita,* 147 AD2d 535). Contrary to Supreme Court's determination, the change in residence of one child from plaintiff's residence to defendant's residence, did not, under the circumstances of this case, constitute an unanticipated and unreasonable change in circumstances. The parties' stipulation contemplated that possible change in residence and defined the parties' respective child support obligations if the change eventuated *(see, Matter of McMullen v Ambrosiani,* 189 AD2d 973, 974-975; *Loew v Loew,* 82 AD2d 973, *affd* 55 NY2d 697; *cf., Riseley v Riseley,* 173 AD2d 1103, 1104, *appeal withdrawn* 78 NY2d 960).

Additionally, Supreme Court concluded that the "credible evidence established a need for additional support of the children above that available from [defendant]". We disagree. To establish that the children's needs are not being adequately met, a party must demonstrate "specific increases in the costs related to the child[ren's] basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the child[ren's] varied interests and school activities" *(Matter of Miller v Davis,* 176 AD2d 945; *see also, Matter of Hulik v Hulik, supra).* Defendant failed to offer proof that the children are not being provided with adequate food, clothing, shelter, and medical and dental care *(see, Matter of Hulik v Hulik, supra).* His generalized assertions that the children's needs have increased are insufficient to warrant a modification of the child support provision of the parties' stipulation to direct that plaintiff pay child support for the parties' children in accordance with the Child Support Standards Act *(see, Matter of Tripi v Faiello, supra).*

Supreme Court's award of counsel fees to defendant also was improper in light of the respective financial circumstances of the parties. The record reveals that the award was based on Supreme Court's belief that plaintiff acted unreasonably in refusing to acquiesce in defendant's request to pay child support.

Therefore, we modify the order of Supreme Court by deleting the fifth and sixth ordering paragraphs. In all other respects, the order is affirmed. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Modify Divorce Decree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Davis, JJ.