■ KATHLEEN C. BROOKER, Respondent, v JAMES BROOKER, Appellant. [615 NYS2d 156] —Order unanimously reversed on the law without costs and application dismissed. Memorandum: Defendant appeals from an order that granted plaintiff's application for an upward modification of child support from $140 per week, as stipulated by the parties in an agreement incorporated but not merged into a 1991 judgment of divorce, to $190 per week. In increasing support, Supreme Court found

that an approximately 44% increase in defendant's income constituted an unanticipated change in circumstances.

We conclude that plaintiff failed to establish an unanticipated and unreasonable change in circumstances (see, Matter of Boden v Boden, 42 NY2d 210, 213; Tuchrello v Tuchrello, 204 AD2d 1020), or that the child support originally agreed to was insufficient to meet the children's needs (see, Matter of Brescia v Fitts, 56 NY2d 132, 140; Matter of Tripi v Faiello, 195 AD2d 958, lv dismissed 82 NY2d 803; Matter of LeMoyne v Story, 193 AD2d 1067). The record establishes that there was nothing unanticipated about the increase in defendant's base pay or ability to work overtime. Further, it appears that plaintiff's unemployment following the closing of the family business was expressly anticipated by the parties. Moreover, despite the loss of her job, plaintiff was making more at the time of her application than she had been at the time of the parties' agreement. In fact, the increase in plaintiff's income was commensurate, in percentage terms, with the increase in defendant's income. Additionally militating against an increase in support is the fact that plaintiff received a favorable property settlement. Defendant granted her his one-half interest in the marital residence, valued at $34,000, in consideration of her accepting a slightly reduced child support payment and her refraining from going back to court to ask "for more money." It would be unfair for plaintiff to accept the deed to the house and then obtain an increase in child support two years later.

Plaintiff failed to make any specific showing concerning increased needs of the children (see, Tuchrello v Tuchrello, supra). The claimed weekly expenses are within plaintiff's income, taking into account child support in the amount of $140 per week and SSI benefits on behalf of the daughter in the amount of $57 per week. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Modify Support.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.