■ DEBORAH KINSELLA, Respondent, v LAWRENCE KINSELLA, Appellant. [614 NYS2d 832] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in granting that part of the application of plaintiff seeking an upward modification of child support in contravention of the parties' modified separation agreement because her proof

failed to establish that the child's needs were not being met *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 141) or that an unanticipated and unreasonable change in circumstances had occurred *(see, Boden v Boden,* 42 NY2d 210, 213). The conclusory assertions of plaintiff of increased costs related to basic necessities of food and clothing for the child resulting from his maturing, without documentary or other supporting proof, are insufficient to establish that the child's needs are not being met *(see, Tuchrello v Tuchrello,* 204 AD2d 1020; *Webb v Webb,* 197 AD2d 847; *Matter of Tripi v Faiello,* 195 AD2d 958, *lv dismissed* 82 NY2d 803; *Labita v Labita,* 147 AD2d 535, 536).

It was also error for the court to impute the income of defendant's wife to defendant in determining the amount of his basic child support obligation pursuant to the parties' agreement. The unambiguous language of that agreement establishes that the child support obligation of defendant was to be based on a percentage of his yearly gross income as reflected in his W-2 and 1099 forms. We, therefore, modify the order appealed from by deleting the first, fourth and fifth ordering paragraphs, and remit the matter to Supreme Court to determine the basic child support obligation of defendant as of the date of the petition based on his yearly gross income.

We have reviewed the remaining contentions of defendant and find them to be without merit. (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Child Support.) Present—Denman, P. J., Lawton, Callahan and Davis, JJ.