■ TERRY O. JENSEN, Appellant, v BRENDA A. JENSEN, Now Known as BRENDA A. CADY, Respondent. [623 NYS2d 36] —Order unanimously affirmed without costs. Memorandum: Plaintiff appeals from an order that granted defendant's application for an upward modification of child support from $25 per week for the parties' two children, as stipulated by the parties in a separation agreement incorporated but not

merged into a 1989 judgment of divorce, to $225 per week pursuant to the Child Support Standards Act (CSSA).

In support of her petition, defendant alleged a change of circumstances due to the increased needs of the children and that her income and the original child support award were insufficient to meet the children's present needs. We conclude that Supreme Court's determination that defendant met her burden of establishing that the children's needs were not being adequately met is supported by the record.

Defendant made the required showing of specific increases in the costs related to the children's basic necessities, including food, shelter and clothing, as well as to various school-related activities (see, Matter of Miller v Davis, 176 AD2d 945; see also, Matter of Dinkins v Mabry, 194 AD2d 787; cf., Brooker v Brooker, 206 AD2d 886; Tuchrello v Tuchrello, 204 AD2d 1020, 1021). The weekly expenses testified to by defendant cannot be met by defendant's income, taking into account the original child support award of $25 per week (cf., Brooker v Brooker, supra). Furthermore, where, as here, the circumstances warrant a modification, the CSSA "shall" apply (Domestic Relations Law § 240 [1-b] [a]).

Finally, the court did not abuse its discretion in determining that defendant was entitled to an award of counsel fees (see, Domestic Relations Law § 237 [a]). (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Modification of Child Support.) Present—Green, J. P., Pine, Wesley, Davis and Boehm, JJ.