■ LINDA PIETRANICO, Appellant, v MICHAEL PIETRANICO, Respondent. [639 NYS2d 62] —In a matrimonial action in which the parties were divorced by a judgment dated May 23, 1989, the plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated October 26, 1994, which denied, without a hearing, her motion for an upward modification of child support and to compel the defendant to pay for the cost of psychotherapy for the parties' son.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were married on January 4, 1982, and they have two children. On October 16, 1986, they entered into a separation agreement which, among other things, obligated the defendant to provide for the present and future needs of his children including medical insurance and child support of $200 per week. On May 23, 1989, a judgment of divorce was entered. The separation agreement was incorporated into, but did not merge with, the judgment. In January 1990, the plaintiff and the defendant resumed living together without remarrying or modifying their separation agreement. The couple separated again in April 1994.

Under New York law, a divorced couple's cohabitation does not reformalize their legally terminated marriage (see, Matter of Gotlib v Ratsutsky, 83 NY2d 696, 701) or affect the validity of a separation agreement.

An application to modify an award of child support to which the parties agreed may be granted if the custodial parent can demonstrate that his or her income and the original award are insufficient to meet the child's current needs (see, Matter of Brescia v Fitts, 56 NY2d 132). The plaintiff submitted no documentary evidence of her current earnings. In addition, she lumped the children's expenses together with her own expenses and failed to establish what the children's current needs were. Under these circumstances, a hearing was not required to determine the plaintiff's motion for an upward modification of child support (see, Kinsella v Kinsella, 206 AD2d 889; Tuchrello v Tuchrello, 204 AD2d 1020).

The plaintiff's remaining contention is without merit. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.