■ In the Matter of JILL WEISE, Respondent, v DENNIS WEISE, Appellant. [680 NYS2d 382] —Order unanimously affirmed without costs. Memorandum: On November 2, 1994, respondent agreed as part of a stipulation made in the divorce proceeding that he would pay child support in the sum of $63 per week, as provided in an existing Family Court order. Approximately five weeks later and before the judgment of divorce was signed, respondent filed a petition for a downward modification of that support obligation. Family Court properly

denied the petition. Respondent failed to establish a substantial and unanticipated change of circumstances warranting a downward modification of his support obligation (*see, Matter of Boden v Boden*, 42 NY2d 210, 213; *Matter of Vrooman v Vrooman*, 244 AD2d 122). The record establishes that respondent suffered from a back problem for several years before the date of the stipulation and that, although his back might worsen over time if he continues as a laborer or carpenter, he is not disabled from performing that work or other work in the construction field for which he is qualified by experience. Under the circumstances, respondent may not forego employment in order to pursue a retraining program at the children's expense (*see, Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003; *Matter of Ludwig v Reyome*, 195 AD2d 1020; *Ferlo v Ferlo*, 152 AD2d 980).

Further, the record supports the finding of the Hearing Examiner that respondent willfully failed to pay support. (Appeal from Order of Jefferson County Family Court, Hunt, J.—Support.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.