OPINION OF THE COURT
Michael J. Miller, J.
*428 Respondent has filed objections to the findings of fact of the Hearing Examiner. Petitioner has not filed rebuttal to the objections.
Respondent has objected to the order of support granted by the Hearing Examiner in this matter. The court has reviewed the objections, the pleadings, the tape recorded hearing and the evidence submitted and finds that the objections must be sustained and the order of the Hearing Examiner vacated.
The relevant facts are not in dispute. A public assistance grant became effective for mother and children for food stamps on March 7, 1997 and for cash assistance on April 8, 1997 during the time that mother and respondent father were married. On July 23, 1997, mother and father entered into a stipulated settlement agreement in their pending divorce. They agreed on continuing child support provisions for father and shared custody of the children where the children reside with each parent approximately 50% of the time. The divorce was finalized on October 3, 1997 with the stipulation being incorporated but not merged into the decree. The decree does not retain exclusive jurisdiction to modify its provisions in Supreme Court. In August 1998, there was an order entered by Judge Miles in this court upon the parents’ mediated agreement which modified some of the terms of their shared custody arrangement. No substantial modifications were made with regard to the amount of time the children spend with each parent. On April 30, 1998, the Monroe County Department of Social Services filed the instant de novo support petition on behalf of mother and children seeking child support from father in accordance with the Child Support Standards Act. At the hearing of this child support matter before the Hearing Examiner, petitioner presented evidence solely regarding the fact that the public assistance grant had opened in March 1997, that it was open at the time of the hearing, the particulars of the grant and mother’s financial circumstances at the time of the hearing. On November 24, 1998, the Hearing Examiner granted the de novo petition for support and ordered respondent to pay child support of $75 per week in addition to his obligations set forth in the divorce decree.
The Hearing Examiner erred by granting the request for additional support in this matter. Family Court is a court of limited jurisdiction. Where there is a divorce decree in existence, Family Court only has the jurisdiction to make an initial order of support where the decree makes no provision for support of the children. (Family Ct Act § 461 [a]; Horne v Horne, *429 22 NY2d 219 [1968].) In the case now before the court, even though the divorce decree does not order respondent to pay basic child support to mother, the decree clearly establishes respondent’s child support obligation for the children. The Family Court may not properly grant a de novo order of child support in this matter.
Where there is a divorce decree in existence, Family Court may also modify the decree if changed circumstances are proven where the Supreme Court has not retained exclusive jurisdiction. (Family Ct Act § 461 [b] [ii].) The petitioner, by its provision of social services benefits, is entitled only to the same rights that mother and the children have in regard to respondent’s child support obligation. (Social Services Law § 348 [2]; Family Ct Act § 461.) The specific provisions of a decree cannot be modified by mother or by petitioner without a sufficient showing of a change in circumstances. (Family Ct Act § 461.) A modification of a separation agreement or child support agreement which has been incorporated but not merged into a judgment of divorce must be based upon an unanticipated change of circumstances resulting in a concomitant need of the child (see, Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; Matter of Hulik v Hulik, 201 AD2d 909 [4th Dept 1994]), or changed circumstances showing that the children’s needs are not being adequately met (see, Matter of Brescia v Fitts, 56 NY2d 132, 140 [1982]; Matter of Tripi v Faiello, 195 AD2d 958 [4th Dept 1993], Iv dismissed 82 NY2d 803 [1993]; Matter of Tuchrello v Tuchrello, 204 AD2d 1020 [4th Dept 1994]). The petition in this matter and the evidence presented at the hearing lack any allegations or proof to establish any change of circumstances since the stipulation of the parents or the entry of the divorce decree.
In light of the above, respondent’s objections are sustained, the herein de novo petition for child support is dismissed with prejudice, and the Hearing Examiner’s findings of fact and the order of support entered November 24, 1998 is vacated. Petitioner may file a petition for modification of the existing child support provisions of the divorce decree upon a proper showing of changed circumstances. However, if petitioner is seeking to rescind the original agreement without a showing of changed circumstances, petitioner must file in Supreme Court as Family Court lacks the equity jurisdiction to set aside or modify the terms of the agreement. (Matter of Brescia v Fitts, *430 56 NY2d 132, supra; Kleila v Kleila, 50 NY2d 277 [1980]; Matter of De Wolfe v Hodge, 98 AD2d 956 [4th Dept 1983]; Matter of Paratore v Paratore, 90 AD2d 975 [4th Dept 1982].)