Dadd, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ In the Matter of James Thomas, Appellant, v Elizabeth Thomas, Respondent. [715 NYS2d 818] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner contends that Family Court erred in denying his petition seeking visitation without holding an evidentiary hearing. We agree. "It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773; *see, Matter of Lonobile v Betkowski*, 261 AD2d 829; *see also, Matter of Selca v Selca*, 267 AD2d 314, 315). Unless there is a compelling reason or substantial evidence that visitation with an incarcerated parent is detrimental to a child's welfare, such visitation should not be denied (*see, Matter of Folsom v Folsom*, 262 AD2d 875, 875-876; *Matter of Lonobile v Betkowski, supra; Vasile v Vasile*, 116 AD2d 1021). Furthermore, " '[a] determination of the children's best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the children's best interests' " (*Matter of Folsom v Folsom, supra*, at 876, quoting *Matter of Kenneth H. v Barbara G.*, 256 AD2d 1029). Here, no sworn testimony or other evidence was presented, nor did the court conduct in camera interviews with the children. Rather, the court denied the petition based on petitioner's record of incarceration, even though the children had visited petitioner in prison in the past and petitioner's older daughter advised the Law Guardian that she did not wish to discontinue her relationship with petitioner. Because the record is not sufficient to determine whether visitation would be detrimental to petitioner's children, we reverse the order and remit the matter to Erie County Family Court for an evidentiary hearing regarding that issue. (Appeal from Order of Erie County Family Court, Mix, J.—Visitation.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ In the Matter of Saronda T. Culton, Respondent, v Archie C. Culton, Jr., Appellant. [715 NYS2d 266] —Order unanimously reversed on the law without costs, objections granted, order of Hearing Examiner vacated and petition dismissed. Memorandum: Respondent appeals from an order of Family Court denying his objections to the order of a Hearing Examiner that granted the petition for an upward modification

of child support. We agree with respondent that the Hearing Examiner erred in concluding that the standard set forth in *Matter of Boden v Boden* (42 NY2d 210) did not apply to the petition for modification. Because petitioner failed to sustain her evidentiary burden under *Boden* or *Matter of Brescia v Fitts* (56 NY2d 132), we reverse the Family Court order, grant the objections, vacate the order of the Hearing Examiner and dismiss the petition.

A party who seeks a modification of the amount of child support incorporated into a judgment of divorce by stipulation of the parties must establish "an unanticipated and unreasonable change in circumstances" (*Matter of Boden v Boden, supra,* at 213) or that the basic needs of the child are not being met (*Matter of Brescia v Fitts, supra,* at 140-141). The *Boden* standard applies where, as here, the parties stipulate that a prior Family Court order of support be incorporated into a judgment of divorce (*see, Matter of Weise v Weise,* 255 AD2d 929). An increase in the income of respondent and the cost of providing for maturing children is not an unanticipated and unreasonable circumstance (*see, Kinsella v Kinsella,* 206 AD2d 889, 890). A custodial parent nevertheless is entitled to a modification if it is established that the basic needs of the child cannot be met under the current level of support (*see, Matter of Brescia v Fitts, supra,* at 140-141). However, "[t]he conclusory assertions * * * of increased costs related to basic necessities of food and clothing for the child[ren] resulting from [their] maturing, without documentary or other supporting proof, are insufficient to establish that the child[ren]'s needs are not being met" (*Kinsella v Kinsella, supra,* at 890; *see also, Tuchrello v Tuchrello,* 204 AD2d 1020, 1021; *Matter of Hulik v Hulik,* 201 AD2d 909, 910).

The contention of respondent that the court erred in finding him to be in violation of an order of support is not properly before us. This appeal is from Family Court's order denying respondent's objections to the Hearing Examiner's order of support, and the order on appeal does not contain any finding pertaining to the violation of an order of support. Because we conclude that the petition must be dismissed, we do not reach respondent's remaining contentions. (Appeal from Order of Erie County Family Court, Rosa, J.—Support.) Present— Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.