Jeffrey C. McARTHUR, Plaintiff,

v.

Nancy BELL, Joan Goldrick, John Doe, fictitious names not now known, Suffolk County Audit & Control, County of Suffolk, J. Gary Waldvogel and Sidney Vann, Defendants.

No. CV 91–4593.

United States District Court, E.D. New York.

April 6, 1992.

Jeffrey C. McArthur, pro se.

Robert J. Cimino, Suffolk County Atty. by Jeltje DeJong, Hauppauge, N.Y., for defendants Bell, Goldrick, Suffolk County Audit & Control and County of Suffolk.

Waldvogel & Peterson by J. Gary Vogel, Smithtown, N.Y., for defendant Waldvogel.

Guy Keith Vann, New York City, for defendant Vann.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above referenced action, Jeffrey C. McArthur ("McArthur"), plaintiff *pro se* and an ex-Suffolk County police officer, brings suit pursuant to 42 U.S.C. § 1983 based on an alleged conspiracy to deprive him of due process in violation of the Fifth and Fourteenth Amendments in relation to child support modification proceedings commenced in State Court in 1989 by his ex-wife. McArthur also brings pendent state claims for conspiracy, fraud, deceit and abuse of process, and he seeks a permanent injunction to prevent defendants from continuing to deprive him of his due process rights.

Defendants in this action are Nancy Bell ("Bell") (plaintiff's ex-wife and an account clerk who prepared police department payroll documents while working at the Suffolk County Department of Audit and Control ["SCDAC"]), Joan Goldrick ("Goldrick") (Bell's supervisor), SCDAC, County of Suffolk, J. Gary Waldvogel ("Waldvogel") (Bell's attorney in the aforementioned action for modification of child support), Sidney Vann ("Vann") (an attorney who is allegedly an agent of Suffolk County), and John Doe defendants (employees of Suffolk County) (collectively, "defendants"). Jurisdiction is alleged under 28 U.S.C. §§ 1331, 1332, 1343 and 1348.

Presently before the Court are motions by all defendants other than Vann to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motions are granted.

## I. BACKGROUND

According to plaintiff's Amended Complaint and Affidavits in Response to Defendants' Motion to Dismiss, McArthur and Bell, the parents of two minor children, were divorced on or about December 18, 1980. The divorce decree provided in part that McArthur pay Bell $45 per week per child as child support.

In 1986, Bell brought an action against McArthur for arrearages in child support

related to medical expenses. McArthur alleges that Bell improperly used her position at SCDAC to obtain payment from McArthur's medical insurance carrier which duplicated payments that McArthur had already made to her as a result of her lawsuit. Subsequently, McArthur alleges, Bell used Suffolk County stationery to harass him. As a result, McArthur wrote two letters to Suffolk County complaining of Bell's actions and requesting that she no longer have access to his records.

On or about October 6, 1989, Bell brought an action in Suffolk County Supreme Court seeking an upward adjustment in McArthur's child support payments. Following four days of hearings at which McArthur was represented by counsel, Judge Marilyn Friedenberg granted Bell a 200 percent upward adjustment in child support and awarded $7,000 in attorney's fees to Waldvogel, Bell's counsel. McArthur has appealed this decision and it is currently pending before the Appellate Division, Second Department.

McArthur now alleges that Waldvogel improperly caused two index numbers to be placed on the original Order to Show Cause which commenced the child support modification proceedings, that Waldvogel had "hallway" conversations with Judge Friedenberg, and that he altered and/or misrepresented McArthur's employment records which were produced in the state proceedings.

McArthur further alleges that Judge Friedenberg and her two law clerks were biased against him, and that Judge Friedenberg directed hostile remarks to him and to his attorney, that she improperly excluded relevant evidence that was favorable to him, that she improperly granted Waldvogel's objections while overruling those made by McArthur's attorney, and that she improperly threatened McArthur's attorney with contempt.

McArthur also alleges that Bell, with the knowledge of the County, altered and/or misrepresented his employment records; that Goldrick aided and abetted Bell; and that they both may have perjured themselves at the hearings.

In addition, McArthur alleges that on October 7, 1990, at a hearing before the Workers' Compensation Board related to a disability McArthur had suffered during the performance of his job some years earlier, Vann, as an agent of Suffolk County, informed the Board of Bell's judgment against McArthur and then recommended that the Board make a final lump sum award to McArthur rather than continue its periodic compensation payments. McArthur alleges that Vann made this recommendation so that McArthur would receive a substantial payment against which Bell would be able to execute her judgment.

Finally, and most importantly for the purposes of this suit, McArthur alleges that all the above-described acts of Bell, Goldrick, Walvogel, Vann, Judge Friedenberg, her two law clerks, SCDAC and Suffolk County were undertaken as part of a conspiracy to deprive McArthur of his constitutional rights to due process and a fair trial.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

As a threshold matter, the Court must first determine whether it has jurisdiction in this case. In *Neustein v. Orbach*, 732 F.Supp. 333 (E.D.N.Y.1990), the plaintiff, alleging that she was denied an opportunity to confront witnesses during a custody hearing in state court, brought a § 1983 action seeking to overturn the custody decision and also seeking damages arising out of that custody decision. The district court held that it lacked jurisdiction because it could not resolve factual disputes connected to domestic relations. Moreover, it noted that "even if [it] were only asked to decide the question of damages it could not do so without analyzing the basis for the custody determination." *Id.* at 339.

Federal courts do have jurisdiction to decide tort, contract or civil rights questions in cases arising out of a domestic relations context when the underlying domestic relations issues are not in dispute. *See e.g., Ingram v. Hayes*, 866 F.2d 368, 371 (11th Cir.1988); *Drewes v. Ilnicki*, 863

F.2d 469, 471 (6th Cir.1988); *Elam v. Montgomery County,* 573 F.Supp. 797, 801 (S.D.Ohio 1983). In the instant case, McArthur does not request this Court to alter the state court's child support modification determination. Nevertheless, all of his allegations regarding violations of his constitutional rights and all of his alleged property damage are directly related to the aforementioned modification proceedings. As in *Neustein,* to decide the instant case, this Court would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings. That is the role of the Appellate Division. It is not the role of this Court. *See Anderson v. State of Colo.,* 793 F.2d 262, 264 (10th Cir.1986) (dismissing § 1983 claim which, "[plaintiff's] protestations to the contrary" essentially sought a federal review of a state court custody decision); *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981) ("§ 1983 should not be viewed as a vehicle to resolve a dispute involving visitation rights-privileges"); *Tonti v. Petropoulous,* 656 F.2d 212, 216 (6th Cir.1981) (" '[t]he Civil Rights Act was not designed to be used as a substitute for the right of appeal....' ") (quotation omitted).

Moreover, as discussed below, plaintiff's claims of a conspiracy are tenuous at best. "[W]here constitutional claims arising out of a domestic relations dispute are frivolous, the action must be dismissed because it is an abortive attempt to involve the federal courts in domestic relations matters best left to the states." *Neustein,* 732 F.Supp. at 339 (citing *Hernstadt v. Hernstadt,* 373 F.2d 316, 318 (2d Cir.1967)). Accordingly, the Court finds that this case must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B. *Failure to State a Claim***

■ Assuming *arguendo* that jurisdiction does exist, the Court examines defendants' motions to dismiss pursuant to Rule 12(b)(6). On a motion to dismiss, the allegations of the plaintiff's complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). To prevail, defendants must prove that under no interpretation of the facts alleged can plaintiff's claim succeed. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Maggette v. Dalsheim,* 709 F.2d 800, 803 (2d Cir. 1983). Moreover, a *pro se* plaintiff's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). However, dismissal is warranted when statute or controlling precedent clearly forecloses the pleadings. *Love v. Coughlin,* 714 F.2d 207, 208 (2d Cir.1983). With these principles in mind, the Court considers defendants' motions.

■ McArthur does not claim deprivation of due process because of the state's procedures, but because of an alleged conspiracy which includes state actors. However, McArthur fails to demonstrate that he has suffered a deprivation of property without due process.

In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), the Supreme Court explained that even when a plaintiff's allegations satisfy the three prerequisites of a valid due process claim: (1) the defendant's actions or omissions were under color of state law; (2) the claim falls within the definition of property; and (3) the loss amounts to a deprivation, *id.* at 536–37, 101 S.Ct. 1908, there is no violation of the Fourteenth Amendment where the state provides plaintiff with an adequate post-deprivation remedy. *Id.* at 541–44, 101 S.Ct. 1908. Under New York law, McArthur has appealed the trial court's decision to the Appellate Division. If he wishes, he may seek further review to the Court of Appeals. This appellate procedure is, beyond question, an adequate post-deprivation remedy.

Plaintiff contends that the claims he has brought here go beyond the scope of his state court appeal. However, when a state appellate court could have reviewed a constitutional issue, a litigant may not seek to

reverse or modify the state court judgment by bringing a § 1983 claim. *Anderson*, 793 F.2d at 263. Moreover, because the Appellate Division obviously has the power to reverse the trial court's determination and thus fully compensate plaintiff for the property loss he claims to have suffered, the requirements of due process are satisfied and McArthur's § 1983 claim must be dismissed. *See Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917.

### C. *Acts Not Under Color of State Law*

In addition, and once again assuming *arguendo* that jurisdiction exists, McArthur's § 1983 claim nevertheless fails due to the fact that certain defendants were not acting under color of state law and because the conspiracy claim is based on vague and conclusory allegations.

■ It is clear that every act by a state employee is not taken under color of state law. It is the nature of the act, not merely the fact that the actor is a state official that determines whether the act is under color of state law. *Bates v. New York City Transit Authority*, 721 F.Supp. 1577, 1580 (E.D.N.Y.1989). A witness testifying in a state court proceeding—even if he is a state employee who has perjured himself—has not acted under color of state law for purposes of § 1983. *Id.* (citing *Bennett v. Passic*, 545 F.2d 1260, 1263–64 (10th Cir. 1976); *Edwards v. Vassel*, 349 F.Supp. 164, 166 (E.D.Mo.1972), *aff'd*, 469 F.2d 338 (8th Cir.1972)).

■ McArthur alleges that Bell and Goldrick altered and/or misrepresented documents used as evidence in the child-support modification proceedings and that they both may have perjured themselves during those proceedings. However, because the alleged alteration and/or misrepresentation of documents was done in anticipation of, and in relation to, testimony in the state proceedings, Bell and Goldrick are not state actors subject to suit under § 1983

based on those actions. *Brawer v. Horowitz*, 535 F.2d 830, 836–37 (3rd Cir.1976).

### D. *Insufficiency of Allegations Against County and SCDAC*

■ In order for McArthur to allege a § 1983 action against the County and SCDAC, he must allege that the state defendants had a custom or official policy that caused him to be deprived of a federally guaranteed right. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). He must also allege a causal connection between the policy and the alleged deprivation. *Sarus v. Rotundo*, 831 F.2d 397, 400 (2d Cir.1987).

McArthur's claim against the County is based on the fact that the County failed to restrict Bell's access to his employment records even though he had written two letters to the County complaining that Bell had misused her position with the SCDAC to improperly obtain a payment from his health insurer and requesting that she not have further access to his employment records. The claim against SCDAC apparently is based solely upon the doctrine of *respondeat superior.* Because these allegations identify neither a custom nor an official policy which caused McArthur to be deprived of a federally protected right (much less show any causal connection between such policy and the deprivation) they fall short of the requirements for a proper claim against the state defendants.

### E. *Claims Against Vann and Waldvogel*

■ McArthur's alleges that Vann, an attorney allegedly working as an agent of Suffolk County, recommended that the Workers' Compensation Board grant McArthur a lump sum award so that Bell could execute her judgment against it. He also alleges that Waldvogel, Bell's attorney, conspired with state actors to alter and/or misrepresent his employment records and otherwise deprive him of a fair trial.[1]

---

**1.** A private attorney representing a client in either a civil or criminal action is not a state actor. *See Blevins v. Ford,* 572 F.2d 1336 (9th Cir.1978); *Meier v. State Farm Mutual Auto. Ins.*

*Co.,* 356 F.2d 504, 505 (7th Cir.), *cert. denied,* 385 U.S. 875, 87 S.Ct. 151, 17 L.Ed.2d 102 (1966). However, a private party such as Waldvogel is subject to liability under § 1983 if he

Accusations of conspiracy are, unfortunately, easily made yet highly disruptive. *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981). Therefore, vague and conclusory allegations of conspiracy are insufficient to bring a § 1983 action based on conspiracy. *Id.; Ostrer v. Aronwald*, 567 F.2d 551, 552 (2d Cir.1977). "[P]ermitting [such] allegations [against a government attorney] to support an inference of conspiracy would subject every claim … to federal jurisdiction under section 1983." *Bertucci v. Brown*, 663 F.Supp. 447, 454 (E.D.N.Y. 1987) (citing *San Filippo v. United States Trust Co.*, 737 F.2d 246, 256 (2d Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985)). Accordingly, where it appears that Vann and Waldvogel did no more than to represent their respective clients, the Court finds that McArthur's complaint lacks the specificity required to state a § 1983 claim against Vann and Waldvogel.[2]

### III. CONCLUSION

Accordingly, for the aforementioned reasons, defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is granted. Plaintiff's motion for a permanent injunction and his pendent state claims are also dismissed for lack of jurisdiction.

SO ORDERED.

---

conspires with state actors even if the state actors are themselves immune from § 1983 liability. *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980).

**2.** In addition, the Court notes that Vann's alleged actions do not seem to have caused McArthur any loss. *See* McArthur's Affidavit in Opposition of Defendant [Waldvogel's] Motion for Dismissal, para. 34.