**Jeffrey C. McARTHUR, Plaintiff,**

v.

**Joseph CAPUTO, et al., Defendants.**

No. CV 94–2653.

United States District Court,
E.D. New York.

Jan. 31, 1996.

Jeffrey C. McArthur, Coconut Creek, Florida, Pro Se.

Robert J. Cimino, Suffolk County Attorney by Jeltje Dejong, Hauppauge, New York, for Defendants Caputo, Poerio, Penny, Goldrick & Nancy Bell.

Waldvogel & Peterson by J. Gary Waldvogel, Smithtown, New York, for Defendant Waldvogel.

John C. Bivona, Huntington, New York, for Defendant Bauccio.

## MEMORADUM AND ORDER

WEXLER, District Judge.

Plaintiff *pro se* Jeffrey C. McArthur ("McArthur") brings the above-captioned action for alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and for alleged violations of state law pursuant to this Court's supplemental jurisdiction and based on diversity jurisdiction, stemming from child support modification proceedings commenced in 1989 by McArthur's former wife, defendant Nancy Bell ("Bell"), in state court in New York. Presently before the Court are defendants' motions to dismiss this action pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and McArthur's cross-motion for disqualification of the undersigned judge. For the reasons below, defendants' motions are granted and plaintiff's cross-motion is denied.

## I. BACKGROUND

In 1991, McArthur brought an action in this Court arising from essentially the same events alleged in the present action (the "1991 Action").[1] By Memorandum and Order dated April 6, 1992, familiarity with which is assumed, this Court dismissed the 1991 Action in its entirety. *See McArthur v. Bell*, 788 F.Supp. 706 (E.D.N.Y.1992) ("*McArthur I*"). McArthur did not appeal this Court's decision in *McArthur I*. As detailed in *McArthur I*, McArthur alleged in the 1991 Action that various persons conspired to deprive him of due process in the state child support modification proceedings commenced by Bell in 1989 (the "state proceedings") in violation of the Fifth and Fourteenth Amendments of the United States Constitution. He also asserted state claims for conspiracy, fraud, deceit and abuse of process, and sought a permanent injunction to prevent defendants from continuing to deprive him of his due process rights. Defendants in *McArthur I* were (1) Bell (McArthur's former wife and an account clerk who prepared police department payroll documents while working at the Suffolk County Department of Audit and Control ["SCDAC"]); (2) Joan Goldrick ("Goldrick") (Bell's supervisor); (3) SCDAC; (4) the County of Suffolk (the "County"); (5) J. Gary Waldvogel ("Waldvogel") (Bell's attorney in the child support modification proceedings); (6) Sidney Vann ("Vann") (an attorney who is allegedly an agent of the County); and (7) John Doe defendants (employees of the County) (collectively, the "*McArthur I Defendants*").

The 1991 Action alleged that McArthur and Bell, the parents of two minor children, were divorced on or about December 18, 1980. The divorce decree provided in part that McArthur pay Bell $45 per week per child as child support. In 1986, Bell brought an action against McArthur for arrearages in child support related to medical expenses.

McArthur alleged that Bell improperly used her position at SCDAC to obtain payment from McArthur's medical insurance carrier which duplicated payments that McArthur had already made to her as a result of her lawsuit. Subsequently, McArthur alleged, Bell used Suffolk County stationery to harass him. As a result, McArthur wrote two letters to the County complaining of Bell's acts and requesting that she no longer have access to his records.

On or about October 6, 1989, Bell commenced the state proceedings in Suffolk County Supreme Court seeking an upward adjustment in McArthur's child support payments. Following four days of hearings at which McArthur was represented by counsel, Judge Marilyn Friedenberg granted Bell a 200 percent upward adjustment in child support and awarded $7,000 in attorney's fees to Waldvogel, Bell's counsel. However, McArthur alleged that Waldvogel improperly caused two index numbers to be placed on the original Order to Show Cause which commenced the child support modification proceedings, that Waldvogel had "hallway" conversations with Judge Friedenberg, and that he altered and/or misrepresented McArthur's employment records which were produced in the state proceedings. McArthur further alleged that Judge Friedenberg and her two law clerks were biased against him, that she directed hostile remarks to him and to his attorney, that she improperly excluded relevant evidence that was favorable to him, that she improperly granted Waldvogel's objections while overruling those made by McArthur's attorney, and that she improperly threatened McArthur's attorney with contempt. McArthur also alleged that Bell, with the knowledge of the County, altered and/or misrepresented his employment records, that Goldrick aided and abetted Bell, and that they both may have perjured themselves at the hearings.[2] Lastly, McArthur alleged

---

1. The present action initially was assigned to Arthur D. Spatt, United States District Judge for the Eastern District of New York. Defendants moved to have the action reassigned to the undersigned judge based on the 1991 Action or, alternatively, to dismiss. Judge Spatt granted the motion to reassign. After reassignment, defendants' renewed their motion to dismiss. In response, McArthur cross-moved for the disqualification of the undersigned judge. Because there is absolutely no grounds for disqualification, McArthur's cross-motion is denied. Indeed, it appears McArthur brought the cross-motion because the undersigned dismissed his 1991 Action.

2. In addition, McArthur alleged that on October 7, 1990, at a hearing before the Workers' Com-

that acts of the *McArthur I Defendants* and Judge Friedenberg and her two law clerks were undertaken as part of a conspiracy to deprive McArthur of his constitutional rights to due process and a fair trial.

As explained in *McArthur I,* this Court dismissed McArthur's federal claims in the 1991 Action on various grounds, including lack of subject matter jurisdiction, failure to allege a deprivation of property without due process, failure to state a claim against the County and SCDAC, and because certain defendants (*i.e.,* Bell and Goldrick) were not acting under color of state law and because the conspiracy claim was based on vague and conclusory allegations. *McArthur I,* 788 F.Supp. at 708–11. In addition, this Court dismissed McArthur's state claims for lack of jurisdiction.

In 1994, McArthur commenced the present action by a 74–page, 730–paragraph, complaint against many of the same defendants in the 1991 Action, based essentially on the same events as in the 1991 Action (except that the current action omits reference to the action brought by Bell against McArthur in 1986 and adds certain allegations as to events occurring after the decision in *McArthur I* concerning the state proceedings) and raising the same or similar federal and state claims as those raised in the 1991 Action. In this action, McArthur again names Bell, Goldrick and Waldvogel, but omits the County, SCDAC and Vann. As new defendants, he adds Joseph Caputo ("Caputo") (alleged Administrative Head of SCDAC); Joseph Poerio ("Poerio") (alleged Office Manager of SCDAC); Joy Penny ("Penny") (like Goldrick, an alleged supervisor of Bell at SCDAC); Robert Bell (Bell's husband); and Phillip Bauccio ("Bauccio") (allegedly Robert Bell's tax preparer).

As to events following dismissal of the 1991 Action, McArthur claims that on September 7, 1993, he "discovered new evidence which conclusively establishes that the records produced to the trial court [in the modification proceedings] by the defendants, which were represented to the court by the defendants as McArthur's pay records and Bell's 1989 income tax records, were inaccurate, misleading and without any basis in truth." Complaint ¶ 24. He again alleges that Bell and Goldrick, in response to a subpoena and as custodians of County payroll records, gave false and misleading testimony by misrepresenting McArthur's income in the state proceedings. *See id.* ¶¶ 25–35. New defendants Caputo, Poerio and Penny allegedly failed to adequately supervise and train Goldrick and/or Bell in generating and providing the information in the state proceedings, and failed to provide an adequate policy for responding to a subpoena, resulting in the "inevitable violation of McArthur's Constitutionally protected rights." *See id.* ¶¶ 36–39. Poerio allegedly failed to adequately respond to letters from McArthur that Bell not be given access to McArthur's employment records. *See id.* ¶ 40. As to Bell's tax returns, McArthur alleges that Bell presented "fraudulent tax forms," *i.e.,* Bell's 1989 tax returns, in the state proceedings, and that new defendants Robert Bell and Bauccio provided those forms, prepared by Bauccio, to Bell "with the intent to defraud McArthur" in the state proceedings. *See id.* ¶¶ 41–46.

McArthur further alleges that on April 6, 1992, the date of this Court's decision in *McArthur I,* at a contempt hearing relating to the state proceedings, he notified Bell and Waldvogel that the payroll records were "inaccurate" and the tax forms "incorrect"; he also notified Waldvogel that Waldvogel had committed "perjury," which "in itself was more than attributable [sic] to the violation of McArthur's Constitutionally protected rights to due process." *Id.* ¶¶ 47–48. He claims that neither Bell nor Waldvogel advised the lower court of the "new evidence" of the "fraudulent misrepresentations," thereby "preventing McArhtur's [sic] access to any Federal Court within the State of New York so as to prevent McArthur from pursuing his

---

pensation Board (the "Board") related to a disability McArthur had suffered during the performance of his job some years earlier, Vann, as an agent of the County, informed the Board of Bell's judgment against McArthur and then recommended that the Board make a final lump sum award to McArthur rather than continue its periodic compensation payments. McArthur alleged that Vann made that recommendation so that McArthur would receive a substantial payment against which Bell would be able to execute her judgment.

allegations of his constitutional rights." *Id.* ¶ 49. Similarly, he claims that neither Bell nor Waldvogel advised the Appellate Division of the "new evidence" of the "fraudulent misrepresentations," thereby "violating McArthur's Constitutionally protected rights to due· process, and rendering the Appeal moot." *Id.* ¶¶ 50, 52. However, on or about September 10, 1993, McArthur notified the Appellate Division of the "new evidence" on a "Motion to Set Aside an Order of Contempt."

McArthur's appeal of the lower court's judgment in· the state proceedings was pending before the Appellate Division at the time of *McArthur I.* After dismissal of the 1991 Action in *McArthur I,* the Appellate Division, Fourth Department, by decision dated February 4, 1994, as amended April 15, 1994, unanimously dismissed the upward modification in child support on the ground that Bell failed to sustain her burden of proof on the issue of modification. *See McArthur v. Bell,* 201 A.D.2d 974, 609 N.Y.S.2d 713 (4th Dep't1994). Based on that determination, the court expressly declined to consider McArthur's "contention that the hearing court was biased." *Id.,* 609 N.Y.S.2d at 714. In addition, the court vacated the award of attorney's fees, and remitted the matter for an adversarial hearing as to attorney's fees. *Id.* McArthur complains that the Appellate Division failed to address his allegations of violations of his constitutional rights and defendant Waldvogel's "acts of misconduct." On May 10, 1994, the New York Court of Appeals dismissed Bell's motion for leave to appeal the Appellate Division's order.

Thereafter, in June 1994, Waldvogel again sought an award of attorney's fees in the state proceedings. In this respect, McArthur claims that Waldvogel "once again further violated McArthur's right to due process by filing yet another desperate State civil action for unwarranted attorney's fees again on the basis of the ... false, inaccurate and misleading evidence." Complaint ¶¶ 58–59.

McArthur then commenced this action, asserting claims for violation of due process and equal protection, and state law claims for, *inter alia,* negligence, "negligent abuse of process," "reckless abuse of process," fraud, deceit, "negligent intentional infliction of emotional distress" and "reckless intentional infliction of emotional distress." Defendants move to dismiss the federal claims on the grounds relied on in *McArthur I* and as barred by the determinations in *McArthur I* and the applicable statute of limitations. Upon consideration, this Court agrees with defendants that McArthur's federal claims must be dismissed.

## II. *DISCUSSION*

■ This action is based essentially on the events that formed the basis of the 1991 Action, and McArthur attempts to assert the same or similar federal claims to those asserted in the 1991 Action. This Court dismissed McArthur's federal claims in the 1991 Action for lack of jurisdiction and, alternatively, on the merits, and McArthur failed to move for reconsideration or to appeal the judgment of dismissal. This Court's determination that it lacked jurisdiction over McArthur's federal claims, *see McArthur I,* 788 F.Supp. at 708–09, is entitled to preclusive effect. As a result, McArthur is precluded from attempting to obtain a different result on that issue or a decision from which he can now appeal that adverse determination. Similarly, this Court's alternative determination dismissing McArthur's federal claims on the merits should also be given preclusive effect. McArthur's allegations as to events that occurred after the 1991 Action do not affect the prior dismissal of his federal claims. McArthur's claim of "new evidence" to now prove that Bell and Goldrick altered and/or misrepresented documents used as evidence in the state proceedings or that such evidence deceived the state trial judge is irrelevant, since this Court previously rejected his federal claims even accepting the truth of those allegations. Likewise, McArthur's claim that his constitutional rights were violated by Bell and Waldvogel when they failed to advise the Appellate Division of the alleged fraudulent misrepresentations was, at least, implicit in the 1991 Action, which was decided while the state court appeal was pending. In any event, there would not have been a new and independent violation of his constitutional rights by these alleged omissions.

The addition of the new defendants does not alter the preclusive effect of the determinations in *McArthur I,* because the party being precluded, *i.e.,* McArthur, is the party who instituted and prosecuted the 1991 Action, and the new defendants are, for purposes of preclusion, in privity with the *McArthur I Defendants.* Thus, this action must be dismissed against those new defendants whom McArthur alleges caused or allowed Bell and Goldrick to present perjured testimony and fraudulent documents, namely, supervisors of Goldrick and/or Bell in the SCDAC (*i.e.,* defendants Caputo, Poerio, and Penny) and those involved in preparation of Bell's tax returns (*i.e.,* defendants Robert Bell and Bauccio).

Alternatively, McArthur's federal claims must be dismissed for the reasons stated in *McArthur I.* Even assuming this Court has jurisdiction,[3] as this Court observed in *McArthur I,* the requirements of due process are satisfied by an adequate post-deprivation remedy (which, it turns out, McArthur successfully pursued). *McArthur I,* 788 F.Supp. at 709–10. In addition, McArthur's allegations provide no basis for an equal protection claim. He does not allege any disparate treatment based upon invidious discrimination. *See, e.g., Reed v. Reed,* 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–54, 30 L.Ed.2d 225 (1971) (Equal Protection Clause requires that persons similarly situated be treated equally).[4]

In any event, McArthur's federal claims are barred by the applicable three-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (three-year statute of limitations of CPLR 214 governs § 1983 claims in New York). McArthur commenced this action on June 2, 1994. Thus, any claims that accrued before June 2, 1991 are time-barred. Because McArthur's federal claims are grounded in events that allegedly occurred during the state proceedings prior to June 1991, his federal claims are barred.

Consequently, dismissal of McArthur's federal claims would once again require dismissal of his state law claims for lack of jurisdiction.

### III. *CONCLUSION*

For the above reasons, defendants' motions to dismiss are granted. The Clerk of the Court is directed to enter judgment dismissing the complaint and to close the file in this matter.

SO ORDERED.

---

**3.** As in the 1991 Action, all of McArthur's federal claims in the present action are directly related to, and arise out of, the state proceedings. McArthur's claims are inextricably tied to the determination of the state proceedings. Thus, if this Court were to address the jurisdictional issue anew, this action should be dismissed for lack of jurisdiction for the reasons stated in *McArthur I. See McArthur I,* 788 F.Supp. at 708–09.

**4.** McArthur also alleges that on or about November 3, 1992, he was served in Florida with a contempt of court notice relating to the state proceedings, "thereby depriving McArthur of his Constitutionally protected right to travel in the State of New York, and rendering McArthur an unwarranted fugitive." Complaint ¶ 51. To what contempt proceeding or notice he refers is unclear. In any event, this vague and conclusory allegation is insufficient to state a claim upon which relief can be relief.