101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ann MITCHELL-ANGEL, Plaintiff-Appellant,
v.
Beth CRONIN; John Toledo; Samuel Schloss; Santa Schloss;
Ohel Children's Home; Corporation Counsel Kendrick; New
York City Department of Social Services; Child Welfare
Administration; Jenny Leifer; Jesus Rivera; Louis Brown,
Officer, Defendants-Appellees.
 No. 95-7937.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 APPEARING FOR APPELLANT: Ann Mitchell-Angel, pro se, New York, NY.
 APPEARING FOR APPELLEES: Helen P. Brown, Assistant Corporation Counsel, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: HON. ROGER J. MINER, HON. DENNIS G. JACOBS, HON. JOSE A. CABRANES, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby,
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This case came to be heard on the transcript of record and was argued.
 Plaintiff-appellant Ann Mitchell-Angel ("Mitchell") appeals pro se from a judgment entered in the United States District Court for the Southern District of New York (Wood, J.) dismissing her amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.
 
 
 1
 On August 5, 1992, Mitchell filed a pro se civil rights complaint, naming as defendants Police Officers Beth Cronin and John Toledo; the New York City Corporation Counsel; the New York City Department of Social Services ("DSS"); Jesus Rivera, a DSS case worker; the New York City Child Welfare Administration ("CWA") (together, the "municipal defendants"); Samuel Schloss, Mitchell's brother; Santa Schloss, Mitchell's mother; Jenny Leifer, Mitchell's cousin; and Ohel Children's Home. Mitchell alleged that the defendants conspired to deprive her of custody and visitation rights with her children by presenting false evidence during a family court proceeding, brainwashing her children, manipulating the law, and obstructing justice. Mitchell claimed that these actions violated her First, Fifth, and Fourteenth Amendment rights, and sought the return of her children, other injunctive relief, and four million dollars in compensatory and punitive damages.
 
 
 2
 On October 19, 1993, the district court dismissed Mitchell's complaint without prejudice as to the municipal defendants, granted Mitchell's motion to amend her complaint solely as to those defendants, and dismissed her complaint with prejudice as to the remaining defendants, Samuel Schloss, Santa Schloss, Leifer, and Ohel Children's Home. The court held that Mitchell's complaint and proposed amended complaint fell within the domestic relations exception to federal jurisdiction, but that Mitchell should be granted leave to amend her complaint to state claims against the municipal defendants challenging conduct distinct from their handling of the underlying custody dispute.
 
 
 3
 On January 14, 1994, Mitchell filed an amended complaint that added Police Officer Louis Brown as another municipal defendant and presented three additional causes of action. First, Mitchell alleged that officers Cronin, Toledo, and Brown conspired to deprive her of her constitutional rights and that, in furtherance of the conspiracy, on August 9, 1989, Brown stated that he was going to charge her with child abuse, Cronin interrogated her without first advising her of her Miranda rights, and another police officer illegally searched her. In addition, Mitchell alleged that Rivera, through his work as a DSS case worker, engaged in malicious prosecution and abuse of process as part of a conspiracy to deprive her of her children's companionship and affections. Finally, Mitchell alleged that the CWA, the DSS, and Rivera violated her rights to privacy, freedom of religion, and freedom of association during the course of their investigations by failing to reunite her with her children. In her amended complaint, Mitchell sought ten million dollars in compensatory, punitive, and exemplary damages.
 
 
 4
 A magistrate judge issued a report and recommendation, finding that Mitchell's amended complaint failed to allege an injury apart from the loss of custody of her children and recommending that the district court dismiss the amended complaint for lack of subject matter jurisdiction. On August 21, 1995, the district issued an order adopting the magistrate judge's recommendation to grant defendants' motion to dismiss.
 
 
 5
 On appeal, Mitchell argues that the district court erred in dismissing her amended complaint pursuant to the domestic relations exception to federal jurisdiction. We disagree. In Ankenbrandt v. Richards, 504 U.S. 689 (1992), the Supreme Court reaffirmed the domestic relations exception to federal jurisdiction, holding that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Id. at 703. While Ankenbrandt concerned the federal courts' diversity jurisdiction, this exception also has been applied to federal question jurisdiction. See, e.g., American Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir.1990); see also Ankenbrandt, 504 U.S. at 703 (citing In re Burrus, 136 U.S. 586 (1890)).
 
 
 6
 While the domestic relation exception itself is narrow, see Williams v. Lambert, 46 F.3d 1275, 1283 (2d Cir.1995), it applies generally to issues relating to the custody of minors, see Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir.1967). District courts in this Circuit have held that the exception includes civil rights actions directed at challenging the results of domestic relations proceedings, see McArthur v. Bell, 788 F.Supp. 706, 708 (E.D.N.Y.1992); Neustein v. Orbach, 732 F.Supp. 333, 339 (E.D.N.Y.1990). In addition, this Court has stated that federal courts have discretion to abstain from exercising jurisdiction over issues " 'on the verge' of being matrimonial in nature" as long as full and fair adjudication is available in state courts. American Airlines, 905 F.2d at 14.
 
 
 7
 In the present case, Mitchell's second and third causes of action either fall within the domestic relations exception or verge on being matrimonial in nature. Specifically, Mitchell's claim that Rivera engaged in malicious prosecution and abuse of process as part of a conspiracy to deprive her of her children's companionship and affections relates solely to the appropriateness of the child custody decree and Rivera's involvement in the custody proceedings. Furthermore, Mitchell's claim that the CWA, the DSS, and Rivera violated her rights during the course of their investigations and by failing to reunite her with her children also directly relates to the custody issue. However, Mitchell's claims that Cronin, Toledo, and Brown conducted an unreasonable search and seizure, maliciously prosecuted her, and questioned her without providing Miranda warnings do not fall within the domestic relations exception because they do not affect the child custody decree or verge on being matrimonial issues. These claims, however, are barred by the statute of limitations.
 
 
 8
 This Court may affirm a district court judgment on any ground supported by the record. Fabrication Enter. v. Hygenic Corp., 64 F.3d 53, 59 (2d Cir.1995). In the present case, the portion of the district court judgment concerning the non-domestic relations claims must be affirmed because Mitchell's claims against the police officer defendants are barred by the statute of limitations. New York State's three-year statute of limitations for personal injuries governs civil rights actions brought under § 1983. Owens v. Okure, 488 U.S. 235, 251 (1989); Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir.1995). In her amended complaint, Mitchell alleged that Cronin, Toledo, and Brown violated her rights during her visit to the 34th Precinct on August 9, 1989. However, Mitchell did not raise these claims until she filed her amended complaint on January 14, 1994, more than three years after the alleged violations. These claims therefore fell outside the applicable statute of limitations.