Roseann POLITE, Individually and on Behalf of Charles Polite, an Infant, Plaintiff,

v.

Dennis BUTTON, Barbara Button, Lynn Smith, Broome County Department of Social Services, and Broome County, Defendants.

No. 95–CV–644.

United States District Court, N.D. New York.

April 6, 1998.

Law Offices of Ronald R. Benjamin, Binghamton, NY (Ronald R. Benjamin, of counsel), for Plaintiff.

Broome County Attorney's Office, Binghamton, NY (Robert G. Behnke, of counsel), for Defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Defendants in this action, brought pursuant to 42 U.S.C. § 1983, move for summary judgment dismissing the Complaint. Plaintiff cross-moves for summary judgment and various other relief.

## I. BACKGROUND

### A. Facts

Plaintiff Roseann Polite ("plaintiff" or "Roseann") gave birth to a boy, Charles, on October 13, 1989, at Lourdes Hospital in Binghamton, New York. Plaintiff was 14 years old at the time of Charles' birth. Charles subsequently was transferred to Wilson Hospital in Johnson City, New York, because he required treatment for a cyst in his throat.

On October 24, 1989, the Broome County Department of Social Services ("DSS") filed a neglect petition regarding Charles in the Broome County Family Court. Affidavit of Philomena M. Stamato, Asst. Broome County Attorney ("Stamato Aff.") ¶ 3. A hearing on the petition was held March 20, 1990; Roseann admitted to the allegations in the petition. Def.Ex. H. In an order dated April 2, 1990, the Hon. Herbert B. Ray, Family Court Judge, awarded custody of Charles to DSS on a temporary basis and ordered Roseann to undergo a psychiatric and psychological evaluation at Broome County Mental Health Services. *Id.* The Family Court subsequently extended DSSI custody of Charles in 1991. Stamato Aff. ¶ 6; Def.Ex. I; Smith Aff. ¶ 4.

On February 4, 1992, DSS filed a permanent neglect petition in Family Court regarding Charles, seeking to terminate Roseann's parental rights and free Charles for adoption. Stamato Aff. ¶ 7; Def.Ex. J. In response to the petition, Roseann pleaded, *inter alia*, that her constitutional rights were being denied. Def.Ex. L. A hearing on the petition was held before Judge Ray on July 24, 1992. Stamato Aff. ¶ 12; Def.Ex. O. In an order dated August 11, 1992, Judge Ray terminated plaintiff's parental rights and committed Charles to DSS for adoption placement. Def.Ex. P. Roseann did not appeal. Stamato Aff. ¶ 14.

### B. Procedural History

Plaintiff commenced this action by filing a complaint on May 12, 1995, alleging various federal and state causes of action against defendants Daniel Casella, Harvey Singer, Lynn Smith, the DSS, and Broome County.

By orders dated September 26, 1995, and October 2, 1995, the Court dismissed plaintiff's claims in their entirety against defendants Singer and Casella, respectively, for lack of subject matter jurisdiction. By order dated October 18, 1995, the Court dismissed plaintiff's claims in part against defendants Smith, DSS, and Broome County for lack of subject matter jurisdiction and failure to a state a claim upon which relief may be granted; the Court retained only plaintiff's 42 U.S.C. § 1983 claim that defendants Smith, DS and Broome County violated plaintiff's Fourteenth Amendment:due process rights, and plaintiff's pendent state law claims for negligence. On December 22, 1995, pursuant to the order of Magistrate Judge Daniel Scanlon, Jr., plaintiff filed an Amended Complaint. The Amended Complaint named as defendants Smith, the DSS, Broome County and defendants Dennis and Barbara Button, Charles' adoptive parents. The Amended Complaint contains one claim for "deprivation of due process of law" under § 1983, and several state law claims for negligence.

After much procedural wrangling, during which plaintiff obtained her present counsel, the parties stipulated on October 17, 1997, that plaintiff would file a Second Amended Complaint with the Court. To this day, she has failed to do so.

On February 23, 1998, defendants moved for summary judgment. Plaintiff opposed the motion, and cross-moved for: (1) an order permitting her to file a Second Amended Complaint; (2) for summary judgment declaring that Broome County violated plaintiff's Fourteenth Amendment rights; and (3) for an order granting plaintiff leave to file a late notice of claim on Broome County.

## II. DISCUSSION

### A. Plaintiff's Cross-Motions

█ Plaintiff's cross-motions may be disposed of relatively easily. First, plaintiff's motion for leave to file the Second Amended Complaint is denied. The relevant stipulation was so-ordered by this Court on October 16, 1997, and filed on October 27, 1997. On December 3, 1997, the Broome County Attorney's office wrote to plaintiff's counsel indi-

cating that no Second Amended Complaint had yet been served. On December 15, 1997, the Broome County Attorney's office requested that the pretrial scheduling order be extended beyond the January 1, 1998 cutoff date for discovery, as plaintiff's counsel still had failed to file or serve the Second Amended Complaint. Plaintiff's counsel responded to neither of these communications.

The discovery deadline has now long since passed. Plaintiff's counsel was given the opportunity to file the Second Amended Complaint and failed to do so; on his cross-motion, he offers no valid excuse for this failure. The motion is denied.

■■■ As to plaintiff's cross-motion for summary judgment, under Local Rule 7.1(f) of the Local Rules for the Northern District of New York,

> [o]n a motion for summary judgment pursuant to Fed.R.Civ.P. 56, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue, **with specific citations to the record where such facts are set forth.** \*\*\* The motion for summary judgment shall be denied if the moving party fails to file and serve the statement required by this paragraph.

*Id.* Plaintiff's counsel's Rule 7.1(f) Statement in support of the cross-motion for summary judgment is devoid of any citations to the record, much less the specific citations required. Accordingly, plaintiff has failed to file and serve the statement required by the rule, and the cross-motion for summary judgment is denied.[1]

■ Lastly, as defendants point out, this Court is without power to grant plaintiff leave to file a late notice of claim on Broome County. Such applications must be made to the supreme or county court. *See* N.Y.Gen. Mun.L. § 50–e(7) (McKinney 1986). This Court therefore is without jurisdiction to entertain plaintiff's motion for leave to file a late notice of claim. *See Covington v. Westchester County Jail,* 1997 WL 580697, at \*5

(S.D.N.Y.); *Russell Pipe and Foundry Co., Inc. v. City of New York,* 1997 WL 80601, at \*14 (S.D.N.Y.); *Lipinski v. Skinner,* 700 F.Supp. 637, 639 (N.D.N.Y.1988) (Munson, J.).

**B. Defendants' Motion for Summary Judgment**

**1. Standard for Summary Judgment**

Under Fed.R.Civ.P. 56(c), if there is "no genuine issue as to any material fact ... the moving party is entitled to a judgment as a matter of law ... where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party. *Heyman v. Commerce and Indus. Ins. Co.,* 524 F.2d 1317 (2d Cir.1975).

Once the moving party has met its burden, the non-moving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita,* 475 U.S. at 585–86. A dispute regarding a material fact is genuine "if evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is proper when reasonable minds could not differ as to the import of the evidence. *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). The motion will not be defeated by a non-movant who raises merely a "metaphysical doubt" concerning the facts or who only offers conjecture or surmise. *Delaware & Hudson R. Co. v. Consolidated Rail Corp.,* 902 F.2d 174, 178 (2d Cir.1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991) (quoting *Matsushita,* 475 U.S. at 586). The Court turns to defendants' motion with this standard in mind.

---

**1.** Plaintiff also has failed to submit a Rule 7.1(f) Statement in opposition to defendants' motion for summary judgment. Accordingly, the assertions in defendants' Rule 7.1(f) Statement are deemed admitted. *Id.* ("All material facts set forth in the statement served by the moving party shall be deemed admitted unless controverted by the statement served by the opposing party.").

## 2. Claim/Issue Preclusion

Defendants first argue plaintiff's federal claim is barred by the doctrines of claim and/or issue preclusion.

■ In federal district court, res judicata, or claim preclusion, prevents the subsequent litigation of any ground of recovery that was available in a prior action, whether or not it was actually litigated. *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989) (citing *Comm'r v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)); *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.), *cert. denied*, 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992). Likewise, the judicial proceedings of New York State must be afforded the same full faith and credit in the federal courts as they would receive in state courts. 28 U.S.C.A. § 1738 (1966); *see Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (in § 1983 action, res judicata applied based on prior state court adjudication).

■ The Family Court's adjudication terminating plaintiff's parental rights does not have preclusive effect in this § 1983 action for damages because the Family Court did not have the power to award all the relief plaintiff presently seeks. *See, e.g., Thomas v. New York City*, 814 F.Supp. 1139, 1148 (E.D.N.Y.1993) ("to the extent that the plaintiffs seek damages under their section 1983 claims rather than injunctive relief, res judicata under New York law will not bar the current action because ... the New York family court does not have the power to award damages.").[2] The motion therefore is denied in this respect.

■ The doctrine of issue preclusion, or collateral estoppel, is narrower. Under this doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a [subsequent] suit on a different cause of action involving a party to the first action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Issue preclusion involves three elements:

(1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom issue preclusion is sought had a full and fair opportunity to contest the decision invoked as dispositive in the later controversy; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

*Davis v. Halpern*, 813 F.2d 37, 39 (2d Cir. 1987).

In his decision on the permanent neglect proceeding, Judge Ray made the following findings: (1) the DSS made diligent efforts to encourage and strengthen the parental relationship and attempted to get Roseann counseling and other services to correct the problems that led Charles to be taken away; (2) for over a year after Charles was taken into DSS custody, Roseann failed to plan for his future although physically and financially able to do so; (3) Roseann did not attend parenting classes and attended only one or two counseling appointments; (4) Roseann continued to deny there were any problems in her life requiring counseling or efforts on her part to improve; (5) Roseann did not complete the psychiatric and psychological evaluation ordered by the court; and (6) since the DSS took Charles into custody, the agency had encouraged and supported Roseann in participating in readily available services, of which Roseann did not take advantage. Def.Ex. O at 75–77. Judge Ray concluded that the allegations in the permanent neglect petition had been proved by clear and convincing evidence. *Id.* at 78.

■ Though the nature of plaintiff's constitutional claims is not entirely clear, it is apparent that she is attempting to relitigate in this lawsuit the issues decided by the Family Court in the permanent neglect proceeding. For example, plaintiff argues in

**2.** To the extent Roseann seeks an equitable remedy from this court in the form of an order that Charles be returned to her custody, the Court is without jurisdiction to award such relief. The domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). *See McArthur v. Bell*, 788 F.Supp. 706, 708 (E.D.N.Y.1992); *Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y.1990)

her memorandum of law that "the record in the Family Court 'did not establish diligent agency efforts to remedy the conditions relied on in support of the termination proceedings ....'" Pl. Mem. of Law at 5 (quoting *Matter of Jamie M.*, 63 N.Y.2d 388, 482 N.Y.S.2d 461, 463, 472 N.E.2d 311 (1984)); *see* Amended Compl. ¶¶ 103, 105, 107–110. Those matters were actually litigated and decided by the Family Court, and plaintiff is thus precluded from relitigating them here.[3]

The issue presented by plaintiff's due process claim is whether defendants' alleged non-feasance of affirmative duties "[was] a substantial factor leading to the denial of a constitutionally protected liberty or property interest and [whether defendants] displayed a mental state of deliberate indifference with respect to those rights." *P.C. v. McLaughlin*, 913 F.2d 1033, 1044 (2d Cir.1990). The Family Court, however, has already determined the plaintiff permanently neglected Charles. "The Constitution does not afford a parent whom the state has properly adjudged guilty of permanent neglect any right to custody of the neglected child." *Youngs v. Broome County*, 1984 U.S. Dist. LEXIS 20890, at *5 (N.D.N.Y.) (McCurn, J) (citing *Stanley v. Illinois*, 405 U.S. 645, 652, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972)).

Ultimately, it is clear from plaintiff's complaint that she is attempting to relitigate the factual issues decided by the Family Court under the guise of a § 1983 claim. To decide any of the issues raised by plaintiff's Complaint, "this Court would be forced to re-examine and reinterpret all the evidence brought before the state court in the domestic relations proceedings. That is the role of the Appellate Division. It is not the role of this Court." *McArthur v. Bell*, 788 F.Supp. 706, 708 (E.D.N.Y.1992).

For all of these reasons, defendants' motion for summary judgment on plaintiff's federal claim is granted.

---

**3.** Plaintiff specifically raised these and similar issues in her memorandum of law submitted in opposition to the permanent neglect proceeding. *See* Def.Ex. L. Specifically, the Family Court had before it Roseann's claim that her constitutional rights were being violated. *Id.* at 1. Though the Family Court did not explicitly address this claim

### 3. State Law Claims

Having dismissed the only claim over which it had original jurisdiction, the Court in its discretion hereby declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED, and the Complaint, in its entirety, is DISMISSED.

**IT IS SO ORDERED.**

in its decision, "'it is entirely possible for a court to consider and reject a particular claim presented to it without any express discussion of or allusion to that claim.'" *Neustein*, 732 F.Supp. at 343 (quoting *Winters v. Lavine*, 574 F.2d 46, 61 (2d Cir.1978)).