Scott **RABINOWITZ**, Plaintiff,

v.

The State of **NEW YORK**; New York State Family Court; New York State Supreme Court, Appellate Division 2nd Department; The New York State Court Of Appeals; Judge Kerry Trainor; Family Court; Joy Jorgenson, Law Guardian; Joseph Mule, Linda Cook's Lawyer; Floyd Sarisohn, My Former Lawyer; and Linda Cook, Defendants.

No. 04–CV–2533 (ADS)(ETB).

United States District Court, E.D. New York.

Aug. 12, 2004.

Scott Rabinowitz, Smithtown, NY, pro se Plaintiff.

No Appearances for the Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On June 18, 2004, Scott Rabinowitz ("Rabinowitz" or the "plaintiff"), who is proceeding *pro se*, commenced this action, accompanied by an application to proceed *in forma pauperis*, alleging issues relating to the custody of his children. On July 21, 2004, the plaintiff filed an amended complaint. For the reasons set forth below, the application to proceed *in forma pau-*

*peris* is granted, and the complaint is dismissed.

## I. BACKGROUND

In his voluminous complaint, consisting of 46 pages and exhibits, Rabinowitz alleges a litany of charges against the defendants including, *inter alia,* The State of New York, several New York State Courts, a judge, a law guardian, and several lawyers. He claims that jurisdiction of the court is invoked pursuant to, among others, several Federal Rules of Evidence, including Rules 105, 402, 403; 28 U.S.C. § 455, which relates to disqualification of federal judges; Title II of the Americans with Disabilities Act; and the First and Fourteenth Amendments to the United States Constitution.

The gravamen of plaintiff's complaint is that the Family Court of the State of New York, Suffolk County, should not have issued an unfavorably opinion granting sole custody of his children to Linda Cook, the mother of his children.

According to the complaint, the Plaintiff and Ms. Cook began dating and cohabiting between the years of 1994 and 1997. While unmarried, they subsequently had three children, Emily born on February 13, 1999, Zachary born on October 12, 2000, and Joshua, born on October 1, 2001. During this time, they lived in various places, including California, Ohio, Connecticut, and New York.

Apparently, the relationship between plaintiff and Cook began to have problems associated with financial difficulties, family differences, drug use, and religion. The parties sought to resolve issues relating to the custody of the children in the Family Court, Suffolk County. A hearing was held before Family Court Judge Kerry R. Trainor with regard to the custody of the children. The Plaintiff was represented by counsel for most of the trial. Judge Trainor issued a decision on February 2, 2002, which granted sole legal custody of plaintiff's children to the mother, Linda Cook, and limited visitation rights to the plaintiff. The Appellate Division of the Second Judicial Department affirmed the decision on March 15, 2004. The New York State Court of Appeals denied leave to appeal on May 13, 2004.

Rabinowitz seeks, among other things, (1) full custody of his children; (2) "[a] permanent order for Linda Cook [mother of his children] to keep me [him] informed as to any location and address of where she lives now and at anytime". Compl. at 51; and (3) reversal of Judge Trainor's decision.

## II. DISCUSSION

■ It is well-settled that the Court must read a *pro se* plaintiff's complaint liberally. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Further, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. *See H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Koppel v. 4987 Corp.,* 167 F.3d 125, 127 (2d Cir. 1999).

### A. *In Forma Pauperis* Application

Upon review of the plaintiff's declaration in support of his application to proceed *in forma pauperis,* the Court concludes that the plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, the plaintiff's request to proceed *in forma pauperis* is granted.

## B. Domestic Relations Exception to Federal Jurisdiction

 Jurisdiction over this matter is barred by the domestic relations exception to the jurisdiction of the federal courts. This doctrine "divests the federal courts of power to issue divorce, alimony and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 112 S.Ct.2206, 119 L.Ed.2d 468 (1992); *see Mitchell–Angel v. Cronin,* 101 F.3d 108, 1996 WL 107300 (2d Cir.1996); *American Airlines v. Block,* 905 F.2d 12, 14 (2d Cir.1990). Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders of child custody. *See Abidekun v. New York City Bd. Of Education,* 1995 WL 228395 (E.D.N.Y. April 6, 1995); *Fariello,* 148 F.R.D. at 675; *McArthur v. Bell,* 788 F.Supp. 706, 708 (E.D.N.Y.1992); *Neustein v. Orbach,* 732 F.Supp. 333, 339 (E.D.N.Y.1990).

Here, in large measure, the plaintiff seeks to obtain the same relief he sought in state court, namely, custody of his children. If this Court were to allow the plaintiff to pursue this action, it would be forced to "re-examine and re-interpret all the evidence brought before the state court" in the earlier proceedings. *McArthur,* 788 F.Supp. at 709. As such, this action is barred by the domestic relations exception to this court's jurisdiction. *See also Neustein,* 732 F.Supp. at 339 (action barred by domestic relations exception if, "in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation . . . .").

## C. *Rooker–Feldman* Doctrine

 It is well settled that federal district courts do not have jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 487, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Under the *Rooker–Feldman* doctrine and as expressly provided by 28 U.S.C. § 1257(a), only the Supreme Court may review state court decisions. *See Feldman* at 486–87, 103 S.Ct. at 1317; *see also Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 284–88, 90 S.Ct. 1739, 1742–43, 26 L.Ed.2d 234 (1970). A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment "simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross,* 992 F.2d 750, 754 (7th Cir.1993) (citing cases), *cert. denied,* 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994); *see Tang v.App. Div. of N.Y. Sup.Ct., First Dept.,* 487 F.2d 138, 142 (2d Cir.1973), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974).

 Where constitutional claims are not raised in state court proceedings, there is no federal subject matter jurisdiction if the claim is "inextricably intertwined" with the state court judgment. *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1315; *Fariello v. Campbell,* 860 F.Supp. 54, 65 (E.D.N.Y. August 6, 1994). As construed by the courts, a federal claim and a state court judgment are said to be "inextricably intertwined" if the federal court is being called upon to review the state court judgment. *Feldman,* 460 U.S. at 483–484, 103 S.Ct. at 1316; *Ritter,* 992 F.2d at 754; *see also Wiesenfeld v. State of N.Y.,* 474 F.Supp. 1141, 1146 (S.D.N.Y. July 9,1979) ("The fact and law determination by the state courts is not subject to review by the federal courts for they are not 'the arbiter(s) of the correctness of every state court decision . . . .'") (quoting, in part, *Kamhi v. Cohen,* 512 F.2d 1051, 1056 (2d Cir.1975) (additional citations omitted)).

■ The allegations in the instant complaint appear to collaterally attack a state court order against the plaintiff related to the custody of his children. In essence, the plaintiff seeks "appellate review" of these orders in Federal District Court, which is an action outside this Court's jurisdiction.

Accordingly, the Court dismisses the complaint on this additional ground based on the *Rooker–Feldman* doctrine.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED,** that the application to proceed *in forma pauperis* is granted; and it is further

**ORDERED,** that the complaint is hereby **DISMISSED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**